1999 ND 196

Deborah A. **EARNEST**, Plaintiff and Appellant,

v.

Ronald L. **GARCIA**, individually and as an employee of Ward County's Public Administrator and the State of North Dakota as Education Coordinator of Veterans Upward Bound; Truman C. Stageberg, individually and as an employee of the State of North Dakota, and Marlin D. Thorsgaard, individually and as an employee of the Department of Veterans Affairs, Defendants and Appellees.

No. 990136.

Supreme Court of North Dakota.

Oct. 20, 1999.

 

Kent M. Morrow, Severin, Ringsak & Morrow, Bismarck, ND, for plaintiff and appellant.

Tag C. Anderson, Assistant Attorney General, Attorney General's Office, Bismarck, ND, for defendants and appellees.

KAPSNER, Justice.

[¶ 1] Deborah A. Earnest appealed from a summary judgment dismissing her tort and civil rights action against Ronald L. Garcia, Truman C. Stageberg and Marlin D. Thorsgaard, in their individual and official capacities. We conclude the trial court did not err in granting summary judgment dismissal of the action because Earnest neither complied with the notice-of-claim requirements of N.D.C.C. § 32-12.2-04(1), nor identified a viable cause of action supported by competent evidence raising a material factual issue. We therefore affirm.

I

[¶ 2] According to the complaint dated March 14, 1997, Earnest was a student at Minot State University and was employed from March 1994 until May 1995 in a work study position assisting veterans through the Veterans Upward Bound (VUB) program funded by the United States Department of Education. Garcia was the Minot State University education coordinator of VUB, and also served as the public administrator for Ward County. Stageberg was project director for VUB, working through the Division of Student Affairs at North Dakota State University in Fargo. Thorsgaard was the chief of the Veterans Services Division of the United States Department of Veterans Affairs (VA) in Fargo.

[¶ 3] Earnest contended that while she was employed as a work study, Garcia used her and other federally paid VUB staff "to conduct his private business" as public administrator. Earnest claimed she made verbal and written complaints about Garcia, first to Garcia himself, then to Stageberg and Thorsgaard. Earnest alleged the defendants violated her "civil

rights by retaliations against her for her whistle blowing." She claimed "[i]ncluded in such retaliation were interference with her rights to enjoy employment paid by the VA through VUB and false accusations of crimes made against her to the Minot Police Department." Earnest also alleged that on May 19, 1995, the defendants "unlawfully cancelled or voided [her] renewed contract with the VA and thereafter Garcia and Stageberg offered [her] a different contract" on less favorable terms. For loss of "her right to be employed as a work study" and the defendants' intentional infliction of emotional distress, Earnest sought more than $160,000 in damages.

[¶ 4] Garcia and Stageberg moved for summary judgment. Apparently, Thorsgaard was not given proper service of process and he made no appearance. The trial court granted summary judgment on two grounds. First, the court ruled Earnest did not "comply with procedural requirements in bringing action against governmental entities." Second, the court said:

> The attorney for the Defendants and this Court have struggled to determine what legal theory or theories are specifically being pursued in this action and what evidence has been presented sufficient to allow Plaintiff's action to survive a motion for summary judgment.
>
> . . . .
>
> In the event the Court has missed the point of the Plaintiff's case, I suggest that the Plaintiff has the burden to clearly articulate the legal theory of the case and to support such theory with evidence in order to survive a motion for summary judgment. If such theory and evidence exist, the presentation was too obscure for this Court to discern.

Earnest appealed.

## II

[¶ 5] Summary judgment is a procedural device for the prompt and expeditious disposition of a controversy without trial if either party is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving the disputed facts would not alter the result. *Smith v. Land O'Lakes, Inc.*, 1998 ND 219, ¶ 9, 587 N.W.2d 173. On appeal, we review the evidence in the light most favorable to the party opposing the summary judgment motion. *Narum v. Faxx Foods, Inc.*, 1999 ND 45, ¶ 15, 590 N.W.2d 454. Earnest contends disputed issues of material fact preclude summary judgment in this case.

### A

[¶ 6] Before an action can be brought against the state or one of its employees, N.D.C.C. § 32–12.2–04(1) requires notice:

> A person bringing a claim against the state or a state employee for an injury shall present to the director of the office of management and budget within one hundred eighty days after the alleged injury is discovered or reasonably should have been discovered a written notice stating the time, place, and circumstances of the injury, the names of any state employees known to be involved, and the amount of compensation or other relief demanded. The time for giving the notice does not include the time during which a person injured is incapacitated by the injury from giving the notice. If the claim is one for death, the notice may be presented by the personal representative, surviving spouse, or next of kin within one year after the alleged injury resulting in the death.

The statute requires written notice of a claim; actual notice is insufficient. *Allied Mut. Ins. Co. v. Director of North Dakota Department of Transportation*, 1999 ND 2, ¶ 10, 589 N.W.2d 201. *See also Messiha v. State*, 1998 ND 149, ¶ 21, 583 N.W.2d 385.

[¶ 7] It is undisputed Earnest did not present a written claim for compensation to the Office of Management and Budget as required by N.D.C.C. § 32–12.2–

04(1). Earnest argues the defendants waived their right to rely on the notice-of-claim provision because they failed to sufficiently plead it as an affirmative defense. Although the defendants' answer rather vaguely states Earnest "failed to meet all procedural and substantive prerequisites to bringing her cause of action," the notice-of-claim requirements of N.D.C.C. § 32–12.2–04(1) implicate a court's subject matter jurisdiction. *Allied*, 1999 ND 2, ¶¶ 5 n. 1, 16, 589 N.W.2d 201 (holding dismissal for lack of subject matter jurisdiction was appropriate because the plaintiff failed to satisfy the written notice of claim requirement under N.D.C.C. § 32–12.2–04(1) (1995)); *Messiha*, 1998 ND 149, ¶¶ 19, 21 n. 2, 583 N.W.2d 385 (holding summary judgment dismissal was appropriate because the plaintiff failed to satisfy the written notice of claim requirement under N.D.C.C. § 32–12.2–04(1)). Issues involving subject matter jurisdiction cannot be waived and can be raised sua sponte at any time. *Larson v. Dunn*, 474 N.W.2d 34, 39 (N.D.1991).

[¶ 8] We conclude the trial court did not err in dismissing Earnest's state tort law claims against the defendants in their official capacities as state employees.

### B

[¶ 9] In her appellate brief, Earnest contends her complaint alleges no fewer than five causes of action against the defendants: "tortious interference with her VA contract;" "illegal retaliation;" "slander or libel;" "intentional infliction of emotional distress;" and a 42 U.S.C. § 1983 claim for deprivation of her first amendment "right to freely and publicly speak on issues of public concern." To the extent Earnest has adequately pleaded a 42 U.S.C. § 1983 claim, or has sought to hold the defendants liable in their personal capacities for actions outside the scope of their employment, her failure to comply with the notice-of-claim statute might not bar Earnest's action. *See Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) (holding Wisconsin notice-of-claim statute was preempted when a 42 U.S.C. § 1983 action was brought in state court); *Roberts v. Timmins*, 281 N.W.2d 20, 22 (Iowa 1979) (holding Iowa notice-of-claim statute does not apply to claim that employees acted outside the scope of their employment). We nevertheless conclude the trial court did not err in granting summary judgment dismissal of Earnest's action.

[¶ 10] Judges, whether trial or appellate, are not ferrets, obligated to engage in unassisted searches of the record for evidence to support a litigant's position. *Anderson v. A.P.I. Co. of Minnesota*, 1997 ND 6, ¶ 25, 559 N.W.2d 204. In *Umpleby By and Through Umpleby v. State*, 347 N.W.2d 156, 160 (N.D.1984), this Court explained:

> A party resisting a motion for summary judgment has the responsibility of presenting competent admissible evidence by affidavit or other comparable means, and, if appropriate, drawing the court's attention to evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising a material factual issue, or from which the court may draw an inference creating a material factual issue.

> In summary judgment proceedings the trial court has no legal obligation or judicial duty to search the record for evidence opposing the motion for summary judgment. This principle is equally applicable, if not more so, to appellate proceedings because the appellate court, except for jurisdictional matters and the taking of judicial notice, generally considers only those issues raised in the trial court.

[Citations omitted]. The party opposing the summary judgment motion "must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material,

to the claim for relief." *Peterson v. Zerr,* 477 N.W.2d 230, 234 (N.D.1991).

[¶ 11] In Earnest's trial court brief in opposition to the summary judgment motion, there is only one record citation to two pages in her deposition in which Earnest testified she advised Garcia she would not be renewing her contract if she found other suitable work. Earnest's trial court reply brief and supplemental reply brief contain no citations to the record to support any factual assertions made.

[¶ 12] Like the trial court, we have struggled to determine what legal theories have been advanced and what evidence is intended to apply to those theories. Earnest's appellate brief contains four citations to the record, but none of those citations were given to the trial court. One citation is to a paragraph in Earnest's affidavit in which she alleged Garcia required her to perform work involving his public administrator duties, and he responded if she did not "keep silent," he "would see that I would not work any longer under the work-study contract." Another citation is to a different paragraph from Earnest's affidavit in which she alleged she "believe[d]" Garcia "falsely accused me of certain alleged acts of incompetence to the VA" in retaliation "for my complaints to the VA about his performance." The third citation to the record is to Earnest's VA contract attached to her affidavit stating the VA "may terminate this agreement for cause by furnishing written notice to me." The last citation is to a letter from Thorsgaard to Earnest attached to her affidavit stating "VA work-study students are to only perform VA related responsibilities." Even if it were appropriate for us to consider this evidence which was not brought to the attention of the trial court, *see Umpleby,* it is insufficient under the record in this case to withstand the defendants' motion for summary judgment.

[¶ 13] We conclude Earnest failed to explain the connection between her factual assertions and her legal theories, and failed to present competent evidence raising a material factual issue. Consequently, the trial court did not err in granting the summary judgment motion.

### III

[¶ 14] The summary judgment is affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., concur.