2003 ND 17

**Duane Thomas MOEN, Plaintiff and Appellant,**

v.

**STATE of North Dakota (OMB), Defendant and Appellee.**

No. 20020226.

Supreme Court of North Dakota.

Feb. 19, 2003.

Rehearing Denied March 5, 2003

**672**

Duane T. Moen, pro se, Devils Lake, N.D.

Douglas A. Bahr, Assistant Attorney General, Attorney General's Office, Bismarck, N.D., for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Duane Thomas Moen appealed from a district court order for judgment which dismissed his claim against the State of North Dakota, the Office of Management and Budget ("OMB").[1] We affirm.

[¶ 2] Moen started working as a temporary employee for the North Dakota State Parks and Recreation Department ("Department") in 1987. At that time, temporary employees were not eligible for coverage under the uniform group insurance program. They became eligible to participate in this program and the North Dakota Public Employees Retirement System in August 1989. *See* N.D.C.C. § 54–52.1–03.4 (describing the ability of temporary employees to participate in the uniform group insurance program); N.D.C.C. § 54–52–02.9 (describing how temporary employees may elect to participate in the public employees retirement system). However, temporary employees must pay their own insurance premiums, and the State does not make any retirement contributions for them.

[¶ 3] At trial, Moen testified about his desire to obtain state benefits but stated he never asked any state employee about his eligibility. He also testified he had been working with attorneys on the issue for the past four years. Because he did not know temporary employees could already receive state benefits, Moen contacted legislators in the spring of 1999, hoping they could create a benefit program for temporary employees. Moen then learned from a Department manager that he could participate in the insurance program and the retirement system; he specifically stated he learned of this entitlement on April 11, 1999. Although he chose to obtain health insurance through the State, Moen did not elect to participate in the retirement plan. Moen asserts he did not learn about the established system for providing temporary employees with benefits until the summer of 1999.

[¶ 4] Moen filed a notice of claim with the OMB on November 16, 1999, more than 180 days from April 11, 1999—the date he learned he could obtain state benefits. Moen sought compensation for the extra money he paid in private health insurance premiums when he could have participated in the group health insurance program at a lower cost. He also claimed he would have participated in the retirement program if he had learned about it earlier. After the OMB denied his claim twice, Moen filed his claim in small claims court, and the State removed the action to district court. The district court ruled Moen failed to comply with the notice of claim provision in N.D.C.C. § 32–12.2–04(1) and dismissed the complaint with prejudice due to a lack of jurisdiction.

[¶ 5] Under N.D.C.C. § 32–12.2–04(1):

---

1. We treat this as an appeal from the subsequently entered consistent judgment. *See,* e.g., *Hentz v. Hentz,* 2001 ND 69, ¶ 1 n. 1, 624 N.W.2d 694.

A person bringing a claim against the state or a state employee for an injury shall present to the director of the office of management and budget within one hundred eighty days after the alleged injury is discovered or reasonably should have been discovered a written notice stating the time, place, and circumstances of the injury, the names of any state employees known to be involved, and the amount of compensation or other relief demanded.

A party seeking to bring a claim against the State or its employees must strictly comply with the requirements of N.D.C.C. § 32–12.2–04(1). *Ghorbanni v. N.D. Council on the Arts,* 2002 ND 22, ¶ 8, 639 N.W.2d 507. A court lacks subject matter jurisdiction to entertain a lawsuit in the absence of a timely filing of a notice of claim under N.D.C.C. § 32–12.2–04(1). *Ghorbanni,* at ¶ 8 (citing *Kautzman v. McDonald,* 2001 ND 20, ¶ 11, 621 N.W.2d 871; *State v. Haskell,* 2001 ND 14, ¶ 9, 621 N.W.2d 358; *Cooke v. Univ. of N.D.,* 1999 ND 238, ¶ 9, 603 N.W.2d 504; *Earnest v. Garcia,* 1999 ND 196, ¶ 7, 601 N.W.2d 260; *Allied Mut. Ins. Co. v. Dir. of the N.D. Dep't of Transp.,* 1999 ND 2, ¶ 16, 589 N.W.2d 201).

[¶ 6] In response to the dismissal of his claim pursuant to the 180–day notice period, Moen explains: he did not contemplate filing a claim in April 1999 when he learned about his eligibility for state benefits because he thought a new program had been implemented, since none of the legislators he had contacted told him he was already eligible for benefits. Moen asserts he realized he had a claim in the summer of 1999, after he learned about the existing system for providing temporary employees with benefits.

[¶ 7] We are troubled by the district court's failure to make any findings of facts when it dismissed Moen's claim.

When presented with conclusory or missing findings of fact, we ordinarily would remand; however,

> we will not do so when, through inference or deduction, we can discern the rationale for the result reached by the trial court. We may rely on implied findings of fact when the record enables us to understand the factual determinations made by the trial court and the basis for its conclusions of law and judgment.

*Almont Lumber & Equip. v. Dirk,* 1998 ND 187, ¶ 13, 585 N.W.2d 798 (citations omitted); *see also Holtz v. Holtz,* 1999 ND 105, ¶ 18, 595 N.W.2d 1.

[¶ 8] Here the district court necessarily made an implicit finding that Moen discovered or reasonably should have discovered his claim on or before April 11, 1999, and accordingly dismissed his claim. The Order for Judgment states: "The Court, having considered the record, trial brief and oral argument of the parties, ruled from the bench that the Court lacks jurisdiction over plaintiff's claim because plaintiff did not comply with the notice of claim provision of N.D.C.C. § 32–12.2–04(1) . . . ." The district court judge also told Moen, "the law . . . basically requires these kinds of claims to be submitted within 180 days, and if they are not submitted, this Court basically has no choice but to dismiss the claim."

[¶ 9] Even assuming Moen did not have actual knowledge of his claim on April 11, 1999, the notice provision of N.D.C.C. § 32–12.2–04(1) extends beyond mere "discovery" of a claim; it states a claimant must file a claim "within one hundred eighty days after the alleged injury is discovered *or reasonably should have been discovered.*" (emphasis added). Moen testified about his longtime concern about benefits for temporary employees. Prior to April 11, 1999, Moen contacted state

legislators and worked with attorneys about benefits, but he failed to ask the Department or any other state employees about the issue. Thus, the record convinces us the district court implicitly found Moen discovered or reasonably should have discovered his claim on or before April 11, 1999.

[¶ 10] Moen also argues the State, as an employer, should have an affirmative obligation to its employees to inform them about the benefits available to them. The State had no statutory duty to inform Moen about benefits. Although N.D. Admin. Code § 71–03–04–02, promulgated by the Public Employees Retirement System Board, states an "agency shall inform its employees of their right to group insurance and the process necessary to enroll," Moen cites no legal authority which entitles him to seek damages from the State due to an agency's failure to comply with this administrative directive.

[¶ 11] Because Moen was not within the 180–day notice period when he filed his notice of claim with the OMB on November 16, 1999, the district court properly dismissed his claim under N.D.C.C. § 32–12.2–04(1). We affirm.

[¶ 12] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN and DALE V. SANDSTROM, JJ., concur.