2008 ND 236

**Clarence VOIGT, Plaintiff
and Appellant**

v.

**STATE of North Dakota, Defendant
and Appellee.**

No. 20080157.

Supreme Court of North Dakota.

Dec. 31, 2008.

Clarence Voigt, pro se, Submitted on brief, Bismarck, ND, plaintiff and appellant.

Kirsten R. Franzen, Assistant Attorney General, Submitted on brief, Bismarck, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Clarence Voigt ("Voigt") appeals a district court order dismissing his case. We affirm the district court order.

I.

[¶ 2] On April 25, 2008, Voigt filed a summons, complaint, and brief in support of the complaint with the district court; he named the State of North Dakota ("State") as the sole defendant. The brief in support of the complaint suggested Voigt's complaint was based on statements made by Timothy Wahlin ("Wahlin"), a Special Assistant Attorney General for Workforce Safety and Insurance, to a legislative interim workers' compensation review committee on April 27, 2006.

[¶ 3] On May 12, 2008, the State moved to dismiss the complaint. The State alleged the district court lacked subject matter jurisdiction according to N.D.R.Civ.P. 12(b)(i), and the State asserted Voigt's complaint failed to state a claim upon which relief could be granted according to N.D.R.Civ.P. 12(b)(vi). On May 16, 2008, Voigt filed an amended summons, complaint, and brief in support of the complaint, naming Wahlin as a defendant. On the same day, he filed a motion to deny the dismissal. On June 18, 2008, the district court filed an order, dismissing the present matter. The district court held it lacked subject matter jurisdiction, the State had discretionary immunity, Voigt failed to state a claim upon which relief could be granted, Wahlin's statements were privileged, and Voigt did not properly serve Wahlin. Voigt appealed; both parties waived oral argument.

II.

[¶ 4] The district court held it lacked subject matter jurisdiction. Section 32–12.2–04, N.D.C.C., has notice-of-claim requirements which implicate a court's subject matter jurisdiction for claims brought against the state or a state employee. *Lang v. Schafer*, 2000 ND 2, ¶ 4, 603 N.W.2d 904 (citing N.D.C.C. § 32–12.2–04(1); *Earnest v. Garcia*, 1999 ND 196, ¶ 7, 601 N.W.2d 260). Section 32–12.2–04(1), N.D.C.C., provides in part:

A person bringing a claim against the state or a state employee for an injury shall present to the director of the office of management and budget within one hundred eighty days after the alleged injury is discovered or reasonably should have been discovered a written notice stating the time, place, and circumstances of the injury, the names of any state employees known to be involved, and the amount of compensation or other relief demanded.

This Court has held: "A party seeking to bring a claim against the State or its employees must strictly comply with the requirements of N.D.C.C. § 32–12.2–04(1)." *Moen v. State*, 2003 ND 17, ¶ 5, 656 N.W.2d 671 (citing *Ghorbanni v. N.D. Council on the Arts*, 2002 ND 22, ¶ 8, 639 N.W.2d 507).

[¶ 5] Section 32–12.2–04(5), N.D.C.C., provides:

A person bringing a legal action against the state or a state employee for a claim shall deliver a copy of the summons, complaint, or other legal pleading in which the claim is first asserted in the action to the director of the office of management and budget at the time the summons, complaint, or other legal

pleading is served in the action. This provision is in addition to any applicable rule of civil procedure.

In its brief in support of the motion to dismiss, the State noted it was not properly served, and it did not waive the statutory service requirements of N.D.C.C. § 32–12.2–04(5). Voigt does not assert he complied with N.D.C.C. § 32–12.2–04(1) or (5), and nothing in the record shows he complied with either subsection of this statute. "If a party suing the state fails to satisfy the notice of claim provision under N.D.C.C. § 32–12.2–04(1), dismissal of the party's complaint is proper." *Knutson v. County of Barnes,* 2002 ND 68, ¶ 5, 642 N.W.2d 910 (citing *State v. Haskell,* 2001 ND 14, ¶ 8, 621 N.W.2d 358). Therefore, we affirm the district court's holding that it lacked subject matter jurisdiction and its determination that Wahlin was not properly served.

### III.

[¶ 6] Rule 12(b)(vi), N.D.R.Civ. P., states a plaintiff's "failure to state a claim upon which relief can be granted" is a defense that a defendant may bring by motion. The district court held Voigt's complaint failed to state a claim for which relief could be granted; therefore, it determined the complaint violated N.D.R.Civ.P. 12(b)(vi) and dismissed the complaint. This Court has established a standard for district courts to use when analyzing whether to dismiss a claim under N.D.R.Civ.P. 12(b)(vi):

> [A] complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The complaint must be construed in the light most favorable to the plaintiff, and the allegations in the complaint are taken as true.

*Williams v. State,* 405 N.W.2d 615, 620 (N.D.1987) (citations omitted). A district court should only grant a N.D.R.Civ.P. 12(b)(vi) motion "if it is disclosed with certainty the impossibility of proving a claim for which relief can be granted." *Id.*

[¶ 7] When a N.D.R.Civ.P. 12(b)(vi) dismissal is appealed, this Court "construe[s] the complaint in the light most favorable to the plaintiff and accept[s] as true the well-pleaded allegations in the complaint." *Vandall v. Trinity Hosps.,* 2004 ND 47, ¶ 5, 676 N.W.2d 88 (citing *Ziegelmann v. DaimlerChrysler Corp.,* 2002 ND 134, ¶ 5, 649 N.W.2d 556). This Court has held: "We will affirm a judgment dismissing a complaint for failure to state a claim if we cannot 'discern a potential for proof to support it.'" *Id.* (quoting *Ziegelmann,* 2002 ND 134, ¶ 5, 649 N.W.2d 556).

[¶ 8] The district court held Wahlin's statements were privileged under N.D.C.C. § 14–02–05. Section 14–02–05(2), N.D.C.C., provides any communication made "[i]n any legislative or judicial proceeding or in any other proceeding authorized by law" is a privileged communication. This Court has held communications made under N.D.C.C. § 14–02–05(2) are absolutely privileged. *Forster v. West Dakota Veterinary Clinic, Inc.,* 2004 ND 207, ¶ 30, 689 N.W.2d 366 (citations omitted). When a communication is absolutely privileged, remedies for damages are not provided in a civil action, and "[e]ven the existence of express malice does not destroy the privilege." *Emo v. Milbank Mut. Ins. Co.,* 183 N.W.2d 508, 514 (N.D. 1971) (quoting *Farmers Edu. & Coop. Union of America v. WDAY, Inc.,* 89 N.W.2d 102, 108 (N.D.1958)).

[¶ 9] Wahlin made his statements before a workers' compensation review committee. Section 54–35–22(1), N.D.C.C., allows for the appointment of a legislative

council interim workers' compensation review committee, and N.D.C.C. § 54–35–22(2) provides in part: "The committee shall review workers' compensation claims that are brought to the committee by injured workers for the purpose of determining whether changes should be made to the laws relating to workers' compensation." Therefore, a workers' compensation review committee meeting is a legislative proceeding. Because Wahlin's statements were made during a legislative proceeding, they are absolutely privileged. Voigt did not explain or discuss other actions, other than Wahlin's statements, that would constitute a basis for his claim. Therefore, we affirm the district court's determination that Voigt failed to state a claim for which relief could be granted.

## IV.

[¶ 10] The district court determined the State has discretionary immunity according to N.D.C.C. § 32–12.2–02(3)(b). However, the district court did not explain why Wahlin's actions were discretionary. Because the district court lacked subject matter jurisdiction, and because Wahlin's statements were absolutely privileged, it is not necessary for this Court to determine whether the State has discretionary immunity.

## V.

[¶ 11] We have considered Voigt's remaining arguments and conclude they are without merit. The district court order dismissing this case is affirmed.

[¶ 12] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, J., DANIEL D. NARUM, D.J., and JOHN C. McCLINTOCK, JR., D.J., concur.

[¶ 13] The Honorable JOHN C. McCLINTOCK, JR., D.J., and The Honorable DANIEL D. NARUM, D.J., sitting in place of SANDSTROM, J., and CROTHERS, J., disqualified.