2015 ND 102

**Leron Lee HOWARD, Petitioner
and Appellant**

**v.**

**STATE of North Dakota, Respondent
and Appellee.**

No. 20140233.

Supreme Court of North Dakota.

April 28, 2015.

**204**

James A. Teigland (argued), Fargo, N.D., and Erin M. Conroy (on brief), Bottineau, N.D., for petitioner and appellant.

Frederick R. Fremgen, State's Attorney, Jamestown, N.D., for respondent and appellee.

SANDSTROM, Justice.

[¶ 1] Leron Howard appeals from a district court order denying his application for post-conviction relief. We affirm, concluding Howard failed to raise a genuine issue of material fact on his claims of ineffective assistance of counsel and prosecutorial misconduct.

I

[¶ 2] In 2012, a jury found Howard guilty of murder and conspiracy to commit murder. Howard appealed, arguing there was insufficient evidence to support the verdicts and the district court erred by using a multi-county jury pool and denying his pre-trial motion for change of venue. This Court affirmed the conviction in *State v. Howard*, 2013 ND 184, ¶ 1, 838 N.W.2d 416.

[¶ 3] In January 2014, Howard filed his own verified application for post-conviction relief on numerous grounds including ineffective assistance of counsel, prosecutorial misconduct, and an "unconstitutionally selected and impaneled jury." The State answered and moved to summarily dismiss Howard's application because he failed to provide support for any of his allegations.

[¶ 4] In February, before the district court had acted on the State's motion for summary dismissal, Howard filed a second verified application for post-conviction relief, providing greater detail in support of his claims. Howard was then assigned court-appointed counsel. In March, the State answered Howard's second post-conviction application and once again moved for summary dismissal. The district court issued a scheduling order directing the State to file a motion for summary disposition under N.D.C.C. § 29–32.1–09.

[¶ 5] In April, one day before the State's third motion for summary disposition, Howard supplemented his post-conviction application. The supplemental filing merely restated the claims in his application in greater detail, with no references to the record or other competent evidence. The next day, the State moved for summary disposition again, arguing Howard had failed to provide admissible evidentiary support for his allegations. In June, without conducting an evidentiary hearing, the district court granted the State's motion for summary disposition. Howard filed a timely appeal.

[¶ 6] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Howard's appeal is timely under N.D.R.App.P. 4(d). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–32.1–14.

II

[¶ 7] On appeal, Howard contends the district court erred in summarily dismissing his application for post-conviction relief, because his claims of ineffective assistance of counsel and prosecutorial misconduct were unsuited for summary

dismissal and should have been resolved through an evidentiary hearing.

 [¶ 8] "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Kinsella v. State*, 2013 ND 238, ¶ 4, 840 N.W.2d 625. "A district court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Waslaski v. State*, 2013 ND 56, ¶ 7, 828 N.W.2d 787; *see also* N.D.C.C. § 29–32.1–09(3). When reviewing an appeal from a summary denial of post-conviction relief, we review it as we would an appeal from summary judgment. *Waslaski*, at ¶ 7. "The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Parizek v. State*, 2006 ND 61, ¶ 4, 711 N.W.2d 178.

[¶ 9] Section 29–32.1–04, N.D.C.C., describes the necessary contents of an application for post-conviction relief:

1. The application must identify the proceedings in which the applicant was convicted and sentenced, give the date of the judgment and sentence complained of, set forth a concise statement of each ground for relief, and specify the relief requested. Argument, citations, and discussion of authorities are unnecessary.

2. The application must identify all proceedings for direct review of the judgment of conviction or sentence and all previous postconviction proceedings taken by the applicant to secure relief from the conviction or sentence, the grounds asserted therein, and the orders or judgments entered. The application must refer to the portions of the record of prior proceedings pertinent to the alleged grounds for relief. If the cited record is not in the files of the court, the applicant shall attach that record or portions thereof to the application or state why it is not attached. Affidavits or other material supporting the application may be attached, but are unnecessary.

 [¶ 10] Section 29–32.1–09(3), N.D.C.C., allows for summary disposition of an application for post-conviction relief:

The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

"Although a petitioner is not required to attach affidavits or evidence to the application for post-conviction relief, the petitioner must support the application with evidence if the State moves for summary disposition." *Henke v. State*, 2009 ND 117, ¶ 11, 767 N.W.2d 881 (citing *State v. Bender*, 1998 ND 72, ¶ 20, 576 N.W.2d 210). We have explained:

A petitioner is not required to provide evidentiary support for his petition until he has been given notice he is being put on his proof. At that point, the petitioner may not merely rely on the pleadings or on unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact. If the petitioner presents competent evidence, he is then entitled to an evidentiary hearing to fully present that evidence.

*Ude v. State*, 2009 ND 71, ¶ 8, 764 N.W.2d 419 (internal citations omitted). If the State carried its initial burden of showing no genuine issue of material fact exists, then the district court may summarily dismiss the application for post-conviction relief. *Delvo v. State*, 2010 ND 78, ¶ 12, 782 N.W.2d 72; *Henke*, at ¶ 12. " 'A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts.' " *Henke*, at ¶ 12 (quoting *Vandeberg v. State*, 2003 ND 71, ¶ 5, 660 N.W.2d 568).

[¶ 11] In the present case, Howard sought post-conviction relief on numerous grounds including ineffective assistance of counsel, prosecutorial misconduct, and an "unconstitutionally selected and impaneled jury." He argued he was entitled to post-conviction relief because his trial counsel failed to object to jurors who claimed they were unable to be fair and impartial, object to the State's use of a piece of evidence, and submit potentially exculpatory evidence, namely a letter written by a co-defendant. Howard accused the State of prosecutorial misconduct in using racial slurs in reference to him during closing arguments and because the State's closing arguments were unsupported by the evidence. Howard also claimed the jury was "unconstitutionally selected and empaneled" because one juror was friends with his co-defendant's family and another juror was a co-worker of the victim's friends and family. The State provided evidentiary support establishing a lack of disputed material facts and appropriately moved for summary disposition.

[¶ 12] Following the State's motion, the district court summarily dismissed Howard's application for post-conviction relief in its entirety, concluding Howard had failed to adequately substantiate the claims in his application. In regard to the claim of ineffective assistance of counsel, the court concluded Howard failed not only to support his claim with proof, but failed to "specify the probable different result." The court explained:

[Howard's ineffective assistance of counsel] claim is premised on trial counsel's failure to admit into evidence a letter written to [Howard] by Janelle Cave and delivered to him in jail shortly after they both were arrested.... Most of the letter is rambling, irrelevant, self-serving, and perhaps even prejudicial to [Howard]. Trial counsel very effectively used the letter, which is likely inadmissible, to impeach Ms. Cave, by contrasting the pertinent part of the letter to her sworn testimony and recorded statements.

... [Trial counsel] asked at least 13 questions based on the letter in an effort to impeach Ms. Cave. Trial counsel got about as much benefit from the letter as possible. [Howard] fundamentally disagrees with defense counsel's trial strategy, yet the court finds defense counsel committed no error concerning the jailhouse letter.

The district court also concluded Howard's claim of prosecutorial misconduct was "not supported by any fact or admissible evidence" and Howard had failed to reference or cite to any portion of the pertinent record "even though the trial transcript [was] readily available."

■ [¶ 13] On appeal, Howard argues his claims of ineffective assistance of counsel and prosecutorial misconduct were unsuited for summary dismissal because his verified application for post-conviction relief presented evidence capable of raising issues of material fact and opposing summary judgment. In support of his argument, Howard cites to *First Nat'l Bank of Hettinger v. Clark*, 332 N.W.2d 264, 267 (N.D.1983), for the proposition that under certain circumstances a verified application

for post-conviction relief, like an affidavit, can be considered as evidence or other comparable means capable of opposing summary disposition. In addition to relying on *Clark*, Howard cites to *Ennis v. Berg*, 509 N.W.2d 33 (N.D.1993), to bolster his argument. Howard argues that under *Ennis*, because his verified post-conviction application provided a "detailed account" of each of his claims and the district court was aware he was relying on the application as a vehicle to oppose summary disposition, the application itself qualifies as evidence or "other comparable means" capable of creating material factual issues and resisting motions for summary disposition.

[¶ 14] Although Howard argues his application for post-conviction relief was adequate to resist the State's motion for summary disposition, this argument is inconsistent with N.D.C.C. § 29–32.1–04 and its requirement that an application for post-conviction relief "must refer to the portions of the record … pertinent to the alleged grounds for relief" or, if the record is not in the files of the court, "the applicant shall attach that record or portions thereof to the application or state why it is not attached." Rather than directing attention to the pertinent portions of the trial record that support his claims, each of Howard's grounds for post-conviction relief rely solely on his unsupported, conclusory allegations. We have made it clear that it is the duty of the nonmoving party, not the court, to glean from the record competent, admissible, non-conclusory evidence capable of resisting a motion for summary disposition. *See Lehman v. State*, 2014 ND 103, ¶ 5, 847 N.W.2d 119 (a party resisting summary disposition "cannot merely rely on the pleadings or unsupported conclusory allegations"); *Earnest v. Garcia*, 1999 ND 196, ¶ 10, 601 N.W.2d 260 ("Judges, whether trial or appellate, are

not ferrets, obligated to engage in unassisted searches of the record for evidence to support a litigant's position.").

[¶ 15] Moreover, Howard's argument overlooks the fact that after the State moved for summary disposition, the burden to present competent, admissible evidence capable of raising issues of material fact rested with him. *Ude v. State*, 2009 ND 71, ¶ 8, 764 N.W.2d 419 (once the petitioner has been put to his or her proof, the petitioner "may not merely rely on the pleadings or on unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact."). Although Howard argues he carried this burden by means of his application for post-conviction relief, the record reflects he failed to appropriately respond to the State's motion for summary disposition and to supply any competent, admissible evidence showing an issue of material fact.

[¶ 16] Therefore, because of Howard's failure to properly support his application for post-conviction relief with reference to pertinent portions of the record and to appropriately respond to the State's motion for summary disposition by raising genuine issues of material fact, the district court's summary dismissal of his application for post-conviction relief was appropriate. *See Dunn v. State*, 2006 ND 26, ¶ 12, 709 N.W.2d 1 (although summary disposition is generally inappropriate for post-conviction relief claims arguing ineffective assistance of counsel, it remains appropriate if the petitioner fails to raise a genuine issue of material fact).

### III

[¶ 17] We affirm the district court's order summarily dismissing Howard's application for post-conviction relief.

[¶ 18] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.