2015 ND 175

Garron W. GONZALEZ, Petitioner and Appellant

v.

STATE of North Dakota, Respondent and Appellee.

Nos. 20150050 & 20150051.

Supreme Court of North Dakota.

July 1, 2015.

Rehearing Denied July 30, 2015.

Benjamin C. Pulkrabek, Mandan, ND, for petitioner and appellant.

Julie A. Lawyer, Assistant State's Attorney, Courthouse, Bismarck, ND, for respondent and appellee.

Ken R. Sorenson, Office of the Attorney General, Bismarck, ND, for amicus curiae North Dakota Attorney General.

KAPSNER, Justice.

[¶ 1] Garron Gonzalez appeals from district court orders denying his applications for post-conviction relief. On appeal, Gonzalez argues the two-year statute of limitations to file post-conviction relief applications outlined in N.D.C.C. § 29–32.1–01(2) violates his constitutional rights. The State argues Gonzalez did not properly raise his constitutional issue before the district court, and the issue should not be considered on appeal. "This Court has repeatedly held that issues not raised or considered in the district court cannot be raised for the first time on appeal, and this Court will not address issues raised for the first time." *Moe v. State*, 2015 ND 93, ¶ 11, 862 N.W.2d 510.

[¶ 2] Gonzalez argues this Court has discretion under N.D.R.App.P. 35(a)(3) to remand to determine the constitutionality of N.D.C.C. § 29–32.1–01(2), even though the issue was not raised below. Rule 35(a)(3), N.D.R.App.P., states:

> The court may order a new trial of the case or of an issue or issues. If an issue or issues have not been tried or, if tried, not determined, the court may remand the case to the district court for a determination of the issue or issues, without relinquishing jurisdiction of the appeal.

Gonzalez's counsel overreads Rule 35. If an issue has been raised, but not tried or decided, this Court may remand the case to the district court for a determination of the issue; however, this Court does not remand the case to the district court when the issue has not first been raised before the district court as it is contrary to our jurisprudence. *See Matter of R.A.S.*, 2008 ND 185, ¶ 12, 756 N.W.2d 771 ("When a party fails to raise an issue before the district court, even a constitutional issue, we generally will not address the issue on appeal.").

[¶ 3] We summarily affirm the district court orders under N.D.R.App.P. 35.1(a)(7).

[¶ 4] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.