2017 ND 29

**Wesley Alan CODY, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee**

**No. 20160138**

Supreme Court of North Dakota.

Filed 2/16/2017

Scott O. Diamond, 3523 45th St. S., Ste. 100, Fargo, ND 58104, for petitioner and appellant.

Brian D. Grosinger, Assistant State's Attorney, 210 Second Ave. N.W., Mandan, ND 58554, for respondent and appellee.

McEvers, Justice.

[¶ 1] Wesley Cody appeals from a district court's order denying his application for post-conviction relief. He argues the district court erred by not holding an evidentiary hearing before denying his application. We conclude the district court is not required to hold an evidentiary hearing unless requested by a party. Because the district court may deny a defendant's application for post-conviction relief on the merits after the defendant is provided notice and an opportunity to present evidence, we affirm.

I

[¶ 2] On August 16, 2013, Cody was charged with aggravated assault and reckless endangerment related to a stabbing incident in Morton County. The district court appointed counsel to defend Cody on those charges. On March 20, 2014, Cody pled guilty to reckless endangerment. As part of his plea agreement, the State dismissed a class C felony aggravated assault charge alleging Cody stabbed another person. Cody was sentenced to one year with the North Dakota Department of Corrections, suspended for a period of three years. He was placed on probation. On February 3, 2015, Cody's probation was revoked and he was sentenced to serve two years with the North Dakota Department of Corrections.

[¶ 3] On March 12, 2015, Cody filed an application for post-conviction relief. In his application, Cody claimed he had new evidence and alleged ineffective assistance of counsel. He claimed a witness, Jacob Scarberry, would provide testimony that someone else stabbed the victim in Morton County. Cody argued neither law enforcement nor his attorney ever interviewed Scarberry. Cody claimed he did not know about the content of Scarberry's potential testimony until after he pled guilty, and

his attorney failed to counsel him on his plea agreement. The prayer for relief in Cody's application requested a new trial, but did not request an evidentiary hearing. The State answered, opposing Cody's application for post-conviction relief arguing Cody could not prove ineffective assistance of counsel. The State did not move for summary disposition.

[¶ 4] After the State filed its answer, the district court noted Cody's application was filed before he was appointed counsel for this post-conviction relief action. On April 23, 2015, the district court directed both Cody and the State to file briefs so it could determine whether an evidentiary hearing was necessary. The district court allowed Cody's counsel to file any supplemental brief or statement of issues and arguments in support of the application, allowing Cody until June 30, 2015, to respond. The district court granted Cody two extensions of time to respond. Cody responded by submitting a brief in support of the application, as well as nine exhibits including: (1) the criminal judgment, (2) appendix A of the criminal judgment, (3) the amended criminal judgment, (4) a letter and affidavit from Scarberry, (5) an incident report from Mandan Police Officer Haug, (6) an incident report from Mandan Police Officer Pynnonen, (7) a supplemental DNA report from the State Crime Laboratory Division, (8) a police report from Mandan Detective Jose, and (9) a police report from Mandan Police Officer Moos. Cody did not request an evidentiary hearing in his responsive brief. Rather, Cody indicated that if an evidentiary hearing is granted he would call Scarberry as a witness.

[¶ 5] The State responded to Cody's brief and did not object to Cody's submitted evidence. The State argued Cody was aware of Scarberry at the time he pled guilty, so it was not newly discovered evidence. The State further argued that Scarberry's testimony relates only to the aggravated assault charge that was dismissed. The district court did not hold an evidentiary hearing.

[¶ 6] In its order denying Cody's application for post-conviction relief, the district court did not state the statutory authority it relied on in denying Cody's application. The district court applied the two-part Strickland test and found Cody's counsel did not fail to meet an objective standard of reasonableness. The district court found, even if Cody's counsel's representation had fallen below an objective standard of reasonableness, Cody was not prejudiced. The district court found that while Cody claimed he was unaware Scarberry had information regarding Cody's arrest until after he pled guilty, based on Scarberry's affidavit, Cody knew Scarberry was at the scene because they "had a smoke break together." The district court concluded Scarberry could not have provided any additional information that Cody did not already know. In denying Cody's application for post-conviction relief, the district court found "Scarberry's testimony would have provided no information not known at the time and Cody has not established he would not have entered a plea of guilty." Cody appealed.

## II

[¶ 7] Cody argues the district court erred by denying his application for post-conviction relief without conducting an evidentiary hearing. He contends the district court does not have authority to deny an application under N.D.C.C. § 29–32.1–09 after it relies on information outside an application, and neither party moves for summary dismissal. We agree. See Chisholm v. State, 2014 ND 125, ¶ 17, 848 N.W.2d 703. In Chisholm, this Court stated that when the district court considers matters outside the pleadings in summari-

ly dismissing an application on its own motion, it is reversible error when an applicant was not provided notice and an opportunity to present evidence supporting his claim. 2014 ND 125, ¶ 12, 848 N.W.2d 703. However, Cody's argument that the district court erred by not holding a hearing is unpersuasive.

[¶ 8] The purpose of the Post–Conviction Procedure Act is to provide a "method to develop a complete record to challenge a criminal conviction." Chisholm, at ¶ 15 (quotation marks omitted) (citations omitted). In Chisholm, we said:

> Without confinement to the transcript, post-conviction procedures allow development of additional evidence to evaluate claims. Use of the record from the trial does not preclude a defendant from offering other evidence about facts and occurrences not recorded during the trial. Summary denial of a post-conviction application forecloses that opportunity. When that happens, the post-conviction procedure becomes no better than direct review on appeal.

Id. (citations omitted). "The Post–Conviction Procedure Act, N.D.C.C. ch. 29–32.1, does not require that an evidentiary hearing be held on an application for post-conviction relief when the parties do not request a hearing." Clark v. State, 2008 ND 234, ¶ 7, 758 N.W.2d 900. In Clark, neither Clark nor the State requested an evidentiary hearing. Clark, 2008 ND 234, ¶ 8, 758 N.W.2d 900.

[¶ 9] Here, similar to Clark, neither Cody nor the State requested an evidentiary hearing. However, in Clark, the State had moved for summary disposition putting Clark to his proof. Id. Here, the State did not move for summary disposition; rather, the district court invited the parties' arguments to explain whether an evidentiary hearing was necessary. Cody submitted arguments and evidence regarding post-conviction relief, but did not request a hearing. In its order requesting supplemental briefing, the district court stated "[u]pon receipt of supplemental briefs by the parties, the court will determine whether the Petitioner is entitled to an evidentiary hearing on any stated issue." The district court granted Cody two extensions to file a supplemental brief or arguments, giving him a period of nearly two months to respond. Cody provided the district court with additional evidence but made no argument that a hearing was necessary to further develop the evidence. "New Counsel on appeal inherits the strategies of prior counsel." Clark, 2008 ND 234, ¶ 8, 758 N.W.2d 900. Cody had notice that the district court was considering whether an evidentiary hearing was necessary and was put to his proof by the district court's scheduling order.

[¶ 10] Cody does not identify any additional relevant evidence he would have presented at a hearing. Cody does not argue the district court's findings are erroneous, only that the district court lacked authority to decide Cody's application without holding a hearing. When, like here, a party has no other evidence to produce than that already provided to the court uncontested, "no purpose would be served by scheduling an evidentiary hearing for the court to formally receive uncontested evidence accompanying the application for post-conviction relief." Clark, at ¶ 9. We conclude the district court did not err in failing to hold an evidentiary hearing when neither party requested a hearing, and Cody was given notice and an opportunity to present evidence.

III

[¶ 11] Cody also argues the district court's order fails to comply with N.D.C.C. § 29–32.1–11(2), because it does not indicate the basis of the district court's

decision. Section 29–32.1–11(2), N.D.C.C., provides: "If the court rules that the applicant is not entitled to relief, its order must indicate whether the decision is based upon the pleadings, is by summary disposition, or is the result of an evidentiary hearing." While Cody is correct that the district court did not explicitly state the basis for its decision under N.D.C.C. § 29–32.1–11(2), this Court will not reverse if we are able to discern the basis of the district court's decision. See Cue v. State, 2003 ND 97, ¶ 8, 663 N.W.2d 637.

[¶ 12] By relying on the transcript of the sentencing hearing and the evidence Cody provided in Scarberry's affidavit, it is obvious the district court's decision is not based solely on the pleadings and is therefore not a summary disposition under N.D.C.C. § 29–32.1–09. Cody acknowledges the district court also made various findings based on the district court's review of the transcripts and Scarberry's letter, indicating the district court was not using summary judgment type analysis. Cody also acknowledges the district court's order "seems to rule on the merits of Mr. Cody's claims." We agree.

[¶ 13] The method followed by the district court here is similar to that in Clark. In Clark, the district court considered the transcript of the criminal trial and the documentary evidence provided by Clark in making its decision. Clark, at ¶ 9. This Court concluded, the procedure was "tantamount to an evidentiary hearing based solely on a review of documents, including the transcript." Id. Likewise, we conclude, here, the district court's order was not an order for summary disposition, but an order based on the review of the transcript and evidence Cody presented in the post-conviction proceeding. Although the district court did not explicitly indicate the basis for its decision, it is reasonable to infer based on the findings made that the decision was based on the transcript and the additional evidence offered by Cody in the post-conviction process. Cody's argument that the district court's failure to cite the basis of its decision was error is without merit.

## IV

[¶ 14] We conclude the district court is not required to hold an evidentiary hearing unless requested by a party. Because the district court may deny a defendant's application for post-conviction relief after the defendant is provided notice and an opportunity to present evidence, we affirm.

[¶ 15] Lisa Fair McEvers

Carol Ronning Kapsner

Dale V. Sandstrom, S.J.

Gerald W. VandeWalle, C.J.

[¶ 16] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.

Crothers, Justice, dissenting.

[¶ 17] I respectfully dissent.

[¶ 18] A post-conviction relief application must contain minimal information:

"The application must identify the proceedings in which the applicant was convicted and sentenced, give the date of the judgment and sentence complained of, set forth a concise statement of each ground for relief, and specify the relief requested."

N.D.C.C. § 29–32.1–04(1). This law requires that the application contain additional information, but this case was not dismissed for failure to comply with those requirements. See N.D.C.C. § 29–32.1–04(2).

[¶ 19] The statute regulating the content of a post-conviction relief application also states "[a]rgument, citations, and discussion of authorities are unnecessary." N.D.C.C. § 29–32.1–04(1). And, just like other civil litigants are not required to ask for a trial, nothing in the post-conviction relief statutes requires that an applicant for post-conviction relief request an evidentiary hearing on the merits of a claim.

[¶ 20] The post-conviction relief statutes allow a court to summarily dismiss a matter before the state's response where the applicant fails to state a claim upon which relief can be granted or for second or successive requests for similar relief. See N.D.C.C. § 29–32.1–09(1).

[¶ 21] The law allows for summary disposition on motion. "The court may grant a motion by either party for summary disposition if the application, pleadings, any previous proceeding, discovery, or other matters of record show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." N.D.C.C. § 29–32.1–09(3). Summary disposition under this proceeding is equivalent to summary judgment and this Court has imposed a procedural requirement that the applicant "be put to his proof." See Howard v. State, 2015 ND 102, ¶ 16, 863 N.W.2d 203 (District court did not err summarily dismissing application for post-conviction relief that was not properly supported with reference to pertinent portions of the record and to appropriately respond to State's motion for summary disposition by raising genuine issues of material fact).

[¶ 22] I have disagreed with a majority of this Court about what the State must do to put an applicant to his proof. See Delvo v. State, 2010 ND 78, ¶ 22, 782 N.W.2d 72 (Crothers, J., dissenting) ("Here, the legal effect of the majority's decision is that Delvo was put to her proof by nothing more than allegations in the State's answer.") I continue that disagreement here because the state clearly did not move for summary disposition. Majority, at ¶ 3. The majority instead, concludes Cody "was put to his proof by the district court's scheduling order." Majority, at ¶ 9.

[¶ 23] First, it is unprecedented in civil litigation for the district court to essentially be the moving party on a motion for summary judgment. We should not open that door here. Second, the district court's actions were inadequate to put Cody on notice, if indeed it can be the moving party. The district court's statement supposedly putting Cody to his proof was that both Cody and the State could file briefs, after which "the court will determine whether the Petitioner is entitled to an evidentiary hearing on any stated issue." Majority, at ¶ 9.

[¶ 24] Rather than putting Cody to his proof, I would conclude the district court's scheduling order was a process to narrow the issues for hearing. Such a procedure is explicitly permitted by statute. See N.D.C.C. § 29–32.1–09(4) ("If an evidentiary hearing is necessary, the court may determine which issues of material fact are in controversy and appropriately restrict the hearing."). Even without statutory authority, narrowing the issues for hearing would be within the district court's inherent authority to control its docket. See Gullickson v. Kline, 2004 ND 76, ¶ 15, 678 N.W.2d 138 ("We are mindful of the necessity of the trial court having complete control over the proceedings before it[.]") (quoting Ward v. Shipp, 340 N.W.2d 14, 18 (N.D. 1983)).

[¶ 25] Daniel J. Crothers