2017 ND 109

**Garron GONZALEZ, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee**

No. 20160362

Supreme Court of North Dakota.

Filed 4/25/2017

Rehearing Denied 5/16/2017

Scott O. Diamond, 3523 45th St. S., Ste. 100, Fargo, ND 58104, for petitioner and appellant.

Julie A. Lawyer, Assistant State's Attorney, 514 E. Thayer Ave., Bismarck, ND 58501, for respondent and appellee.

VandeWalle, Chief Justice.

[¶ 1] Garron Gonzalez appealed the district court's judgment on his application for post-conviction relief. Gonzalez argues the district court's judgment provided insufficient findings of fact and conclusions of law. We affirm.

I.

[¶ 2] In 2003, Gonzalez was charged with two counts of Gross Sexual Imposition and pled guilty to both counts in 2004. He was sentenced to a term of imprisonment and placed on probation. The district court revoked Gonzalez's probation in 2011 and resentenced him to an additional term of imprisonment. Gonzalez appealed; this Court affirmed in State v. Gonzalez, 2011 ND 143, 799 N.W.2d 402. In August 2012, Gonzalez filed his first application for post-conviction relief, arguing there were procedural defects in his 2011 probation revocation hearing. The district court granted Gonzalez's application and a new hearing was held in 2014.

[¶ 3] In August 2013, Gonzalez filed his second application for post-conviction relief, arguing Rule 11, N.D.R.Crim.P., violations in his guilty plea of the original sentencing in 2004. The district court denied the application; Gonzalez appealed and was represented by counsel. This Court affirmed in Gonzalez v. State, 2015 ND 175, 865 N.W.2d 123.

[¶ 4] The State started the process of revoking Gonzalez's probation again, after the district court granted Gonzalez's first application for post-conviction relief. In February 2014, Gonzalez filed a motion to suppress evidence at the probation revocation hearing; counsel was appointed to represent Gonzalez during the proceedings. The district court held a hearing on Gonzalez's suppression motion in May 2014, and subsequently denied his motion. The district court held a probation revocation hearing in June 2014 and revoked Gonzalez's probation. Gonzalez appealed; this Court affirmed in State v. Gonzalez, 2015 ND 106, 862 N.W.2d 535.

[¶ 5] In September 2015, Gonzalez filed his third application for post-conviction relief, alleging his representation during his second post-conviction relief case was ineffective. The district court denied his application. Gonzalez appealed; this Court affirmed in Gonzalez v. State, 2016 ND 223, 888 N.W.2d 205.

[¶ 6] Gonzalez filed his fourth, and current, application for post-conviction relief in December 2015. In this application, Gonzalez argues his representation during his suppression hearing, probation revocation hearing, and direct appeal was ineffective. The State filed its answer. Gonzalez filed two briefs in support of his application. A short hearing was held in June 2016. During the hearing, Gonzalez requested a continuance because his counsel had been appointed the previous day. The district court granted the continuance and invited the State to submit a motion to dismiss Gonzalez's application. On August 4, 2016, the State moved for summary judgment. On September 7, 2016, the district court granted the State's motion. Gonzalez did not file a response to the State's motion and no evidentiary hearing was held.

[¶ 7] Gonzalez appealed, arguing the district court's order was insufficient in its findings of fact and conclusions of law and it erred in granting the State's motion for summary judgment.

## II.

[¶ 8] Gonzalez argues the district court erred by failing to make sufficient findings of fact and conclusions of law in its order denying Gonzalez's application for post-conviction relief. Section 29–32.1–11, N.D.C.C., outlines the requirements of a district court's order in post-conviction relief proceedings:

1. The court shall make explicit findings on material questions of fact and state expressly its conclusions of law relating to each issue presented.

2. If the court rules that the applicant is not entitled to relief, its order must indicate whether the decision is based upon the pleadings, is by summary disposition, or is the result of an evidentiary hearing.

[¶ 9] In its order granting the State's motion for summary judgment, the district court states:

The above matter came before the Court on Motion for Summary Judgment filed by the State of North Dakota. The Court, having reviewed such Motion and any responses thereto and finding the Motion to be meritorious,

NOW HEREBY ORDERS that the Motion for Summary Judgment is GRANTED.

[¶ 10] Section 29–32.1–11, N.D.C.C., requires the district court to make explicit findings on material questions of fact. However, here, the district court granted summary judgment because there were no genuine issues of material fact. Section 29–32.1–09(3) allows for a district court, on a motion from either party, to grant sum-

mary disposition if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."

[¶ 11] In its motion for summary judgment, the State raised the affirmative defense of misuse of process under N.D.C.C. § 29–32.1–12(2)(b). Although the district court granted the State's motion, its order is devoid of its reasoning. However, this is a rare instance in which we can easily ascertain the district court's reasoning and basis for granting the State's motion for summary judgment. As noted above, the district court invited the motion to dismiss because the prior proceedings, including appeals, involved essentially the same issues raised in the current petition. Upon invitation, the State submitted its motion and proposed order to dismiss the application, arguing the application was untimely and an abuse of process. Gonzalez, then represented by counsel, did not respond to the motion. The proposed order, which was ultimately signed unchanged, could have been more explanatory. However, the record, through: (1) Gonzalez's prior proceedings, (2) the invitation by the district court for a motion to dismiss, and (3) the State's motion to dismiss for misuse of process and untimeliness, leaves us with no doubt to the district court's reasoning in dismissing Gonzalez's application.

### III.

[¶ 12] We affirm the district court's judgment dismissing Gonzalez's application for post-conviction relief.

[¶ 13] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte