# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND187

| Lekemia D'Andre Caster, | Petitioner and Appellant |
|---|---|
| v. | |
| State of North Dakota, | Respondent and Appellee |

No. 20190043

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Samuel A. Gereszek, East Grand Forks, MN, for petitioner and appellant.

Tessa M. Vaagen, Assistant State's Attorney, Bismarck, ND, for respondent and appellee.

**Caster v. State**

**No. 20190043**

**VandeWalle, Chief Justice.**

[¶1]    Lekemia D'Andre Caster appealed from a district court order summarily denying his application for post-conviction relief. We conclude the court failed to explain its reasoning in its order. We remand for further proceedings.

I

[¶2]    On May 6, 2015, Caster pleaded guilty to two counts of child neglect or abuse and was sentenced to eighteen months' probation. The State filed a petition for revocation in June 2016. On August 1, 2016, Caster applied for indigent defense services but was denied due to his income. The letter notifying Caster of this denial was returned undeliverable on August 12, 2016. A revocation hearing held on September 13, 2016, resulted in Caster's probation being revoked and he received an eighteen month prison sentence. Caster appealed the revocation judgment to this Court, which we summarily affirmed. *State v. Caster*, 2017 ND 87, 894 N.W.2d 908.

[¶3]    On October 8, 2018, Caster filed an application for post-conviction relief alleging newly discovered evidence and an unlawful sentence. The State filed an answer, a motion for summary disposition, and a proposed order granting the State's motion on November 8, 2018. The State's motion for summary disposition alleged Caster's application was untimely, did not raise an issue of material fact, constituted a misuse of process, and presented claims that were fully and finally determined in a previous proceeding. Caster filed a reply brief and an amended petition for relief on November 26, 2018, disputing that his petition was untimely and raising a new issue under the Sixth Amendment. The State did not respond to the amended petition at any point. On January 30, 2019, the district court summarily denied Caster's petition by signing the State's proposed order. The order stated only:

For the reasons articulated in the State's Motion, IT IS ORDERED:

1

Petitioner's Application for Post-Conviction Relief is summarily denied.

## II

[¶4] The standard of review for a summary denial of post-conviction relief is well-established:

> This Court reviews an appeal from a summary denial of post-conviction relief as it reviews an appeal from a summary judgment. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.

*Koenig v. State*, 2018 ND 59, ¶ 26, 907 N.W.2d 344 (citation and quotation marks omitted).

[¶5] A district court may summarily dismiss an application for post-conviction relief under N.D.C.C. § 29-32.1-09 if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Koenig*, 2018 ND 59, ¶ 28, 907 N.W.2d 344. After the moving party has shown no genuine issue of material fact exists, the opposing party must present competent admissible evidence by affidavit or other comparable means which demonstrates a genuine issue of material fact. *Owens v. State*, 1998 ND 106, ¶ 13, 578 N.W.2d 542. For summary judgment purposes, the evidentiary assertions of the opposing party are assumed to be true. *Stein v. State*, 2018 ND 264, ¶ 5, 920 N.W.2d 477.

## III

[¶6] Caster argues the district court failed to address his amended petition's claims and allegations in its order. Section 29-32.1-11, N.D.C.C., outlines the requirements of a district court's order in post-conviction relief proceedings:

1. The court shall make explicit findings on material questions of fact and state expressly its conclusions of law relating to each issue presented.
2. If the court rules that the applicant is not entitled to relief, its order must indicate whether the decision is based upon the

pleadings, is by summary disposition, or is the result of an evidentiary hearing.

N.D.C.C. § 29-32.1-11. When presented with conclusory or missing findings of fact, this Court ordinarily remands unless we can discern the rationale for the result reached by the district court through inference or deduction. *See Cody v. State*, 2017 ND 29, ¶ 13, 889 N.W.2d 873; *see also Moen v. State*, 2003 ND 17, ¶ 7, 656 N.W.2d 671. We may rely on the implied reasoning or findings of fact when the record enables us to understand the factual determinations made by the trial court and the basis for its conclusions of law and judgment. *Cody*, at ¶ 11; *Moen*, at ¶ 7. A court should avoid engaging in a minimalist approach to making findings of fact and conclusions of law. *See State v. Raulston*, 2005 ND 212, ¶ 19, 707 N.W.2d 464; *Johnson v. State*, 2006 ND 122, ¶ 23, 714 N.W.2d 832.

[¶7]    In "a rare instance," this Court affirmed an order devoid of reasoning where the Court could easily ascertain the district court's reasoning and basis for granting a motion for summary judgment. *Gonzalez*, 2017 ND 109, ¶ 11, 893 N.W.2d 473. In *Gonzalez*, the record of (1) the appellant's prior proceedings, (2) the invitation by the district court for a motion to dismiss, and (3) the State's motion to dismiss for misuse of process and untimeliness left this Court "with no doubt" about the court's reasoning. *Id*. Similarly, in *Atkins v. State*, this Court affirmed the order summarily dismissing a petition for post-conviction relief that included only one sentence: "The Court, having considered Respondent's Motion for Summary Dismissal of Petitioner's Petition for Post–Conviction Relief, IT IS HEREBY ORDERED that the Motion for Summary Dismissal of Petitioner's Petition for Post–Conviction Relief is granted in this matter." 2017 ND 290, ¶ 9, 904 N.W.2d 738. Relying on N.D.R.Civ.P. 52(a)(3), this Court held "the district court's failure to articulate the basis for its decision is not a bar to summary dismissal." *Id*. at ¶ 10. Instead, the burden is on the petitioner to produce "competent, admissible evidence" in support of their claim. *Id*. Failure to do so after the burden has shifted is grounds for summary dismissal. *Id*.

[¶8]    Here, unlike in *Gonzalez*, the district court's reasoning is not clear from its order or from the record. In its motion, submitted before Caster's amended petition,

the State provided four reasons supporting summary dismissal. However, not all of these reasons applied to Caster's original or amended application. The court's order did not identify which of the reasons submitted by the State, if any, it relied upon. Nor does the record provide any implied reasoning or undisputed findings to allow us to deduce or infer the court's rationale.

[¶9] Additionally, unlike the petitioner in *Atkins*, Caster produced additional evidence in support of his claim after the burden shifted to him. While the issues raised by Caster in his amended petition may not warrant an evidentiary hearing, they did present the court with arguments the State did not raise or respond to. By merely signing the State's proposed order granting the motion for summary dismissal, the court failed to address or provide reasoning or factual findings for the issues raised in Caster's amended petition. Without sufficiently stated reasoning or factual findings we are unable to understand the basis for the court's decision.

[¶10] We do not approve a court granting a motion solely "[f]or the reasons articulated in the State's Motion." Reliance on a bare bones proposed motion, with no factual findings, conclusions of law, or support from the record, is insufficient to satisfy the requirements of N.D.C.C. § 29-32.1-11. By failing to explain its reasoning, the district court has prevented us from discerning the basis for its decision. *See Cody v. State*, 2017 ND 29, ¶ 11, 889 N.W.2d 873. Because the district court's order did not explain its reasoning, and the record does not provide insight into the court's reasoning, we are unable to determine whether the court erred in denying Caster's application for post-conviction relief.

IV

4

[¶11] We remand with instructions that the court explain its reasoning, and if necessary, hold an evidentiary hearing and make sufficient findings of fact on Caster's amended application for post-conviction relief, and we retain jurisdiction under N.D.R.App.P. 35(a)(3).

[¶12] Gerald W. VandeWalle, C.J.
Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte