2009 ND 71

**Brandon Lee UDE, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**Nos. 20080303–20080306.**

Supreme Court of North Dakota.

April 30, 2009.

Travis W. Finck, Bismarck, for petitioner and appellant.

Pamela A. Nesvig, Assistant State's Attorney, Bismarck, for respondent and appellee.

MARING, Justice.

[¶ 1] Brandon Lee Ude appeals from a district court order denying his application for post-conviction relief based on his claim of ineffective assistance of counsel. We affirm, concluding the district court did not deny him the opportunity to present testimony and did not err in denying his application for post-conviction relief.

I

[¶ 2] Brandon Lee Ude pled guilty to aggravated assault, violation of a domestic violence protection order, interference with telephone during an emergency call, stalking, and two counts of violation of a domestic violence protection order. Criminal judgments were entered in November 2007. Ude moved for a sentence reduction under N.D.R.Crim.P. 35 in February 2008. The court denied his motion.

[¶ 3] On September 8, 2008, Ude applied for post-conviction relief on the grounds of ineffective assistance of counsel. In his application, Ude claimed he was denied effective assistance of counsel in two regards. First, his plea of guilty was not voluntary because he had not been given an opportunity to review discovery materials before pleading guilty, his attorney did not discuss the plea agreements with him and instead would discuss potential offers with his parents, and he had little contact with his attorney. Second, Ude argued that his attorney only met with him once before his sentencing hearing, his attorney informed him that his mother could not testify on his behalf at sentencing, and although Ude's attorney had gathered letters of support for Ude before sentencing, his attorney did not mention the letters at sentencing to ensure the district court had reviewed them. Ude also claimed he was prejudiced at sentencing because his attorney smelled of alcohol

at the sentencing hearing, failed to cross-examine the victim during sentencing, and failed to present evidence that contradicted the victim's testimony.

[¶ 4] On September 26, 2008, the State responded to Ude's application for post-conviction relief. The State argued Ude's attorney did not provide ineffective assistance of counsel because the representation did not fall below the requisite standard of reasonableness, it was entitled to summary disposition on the application for post-conviction relief because there were no factual issues in dispute, and even if all of Ude's allegations were valid, the allegations did not rise to the level required for Ude to withdraw his guilty plea. The State argued Ude knowingly and voluntarily submitted his guilty plea to the court, the conduct alleged by Ude did not negate his guilty plea, and the district court complied with Rule 11, N.D.R.Crim. P., when it accepted the guilty plea. The State argued Ude had not established the conduct was prejudicial to him and how the allegations would have created a different result.

[¶ 5] On October 2, 2008, Ude replied to the State's response to his application for post-conviction relief. Ude argued summary disposition was not appropriate because there were material facts in dispute. Ude asserted he did not have a meaningful opportunity to review the discovery materials and communicate with his attorney before he pled guilty; the lack of communication prejudiced Ude's decision making; and his attorney could not have given him competent advice because he had not opened some of the letters Ude sent him before sentencing.

[¶ 6] A post-conviction relief hearing was held on November 14, 2008. The district court issued an order denying post-conviction relief, providing that "[h]aving read the pleadings, consulted

opinions of our Supreme Court and heard the arguments of counsel, the Court found that Ude was not denied effective assistance of counsel."

[¶ 7] Ude appeals, arguing the district court erred in not allowing him to present testimony from witnesses and in denying his application for post-conviction relief.

II

■■■ [¶ 8] Section 29-32.1-04, N.D.C.C., provides the requirements for an application for post-conviction relief under the Uniform Postconviction Procedure Act. A petitioner must "set forth a concise statement of each ground for relief, and specify the relief requested," refer to the pertinent portions of the record of prior proceedings, and if those portions are not in the record, the petitioner must attach those portions to the application. *State v. Bender,* 1998 ND 72, ¶ 19, 576 N.W.2d 210. A petitioner may attach affidavits or other supporting materials to the application, but they are unnecessary. *Id.* A petitioner is not required to provide evidentiary support for his petition until he has been given notice he is being put on his proof. *Id.* at ¶ 20. At that point, the petitioner may not merely rely on the pleadings or on unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact. *Wheeler v. State,* 2008 ND 109, ¶ 5, 750 N.W.2d 446. If the petitioner presents competent evidence, he is then entitled to an evidentiary hearing to fully present that evidence. *Steinbach v. State,* 2003 ND 46, ¶ 17, 658 N.W.2d 355.

■■■ [¶ 9] While summary dismissal generally is not appropriate for post-conviction claims of ineffective assistance of counsel, it is appropriate if the petitioner does not raise a genuine issue of material

fact. *Klose v. State*, 2008 ND 143, ¶ 9, 752 N.W.2d 192. "To avoid summary dismissal of an ineffective assistance of counsel claim, the post-conviction applicant must present some evidence that his counsel's performance fell below an objective standard of reasonableness, and he must overcome the presumption that his counsel's performance was within the broad range of reasonableness." *Id.* at ¶ 13. The petitioner "must specify how and where counsel was incompetent and the probable different result." *Id.* A petitioner's failure to "show how, but for the attorneys' errors, the results of the proceedings would have been different" justifies a district court's decision to summarily dismiss the ineffective assistance of counsel claims. *Hughes v. State*, 2002 ND 28, ¶ 7, 639 N.W.2d 696.

[¶ 10] We explained our review of a summary dismissal of post-conviction relief in *Klose*, 2008 ND 143, ¶ 9, 752 N.W.2d 192:

> We review an appeal from summary denial of post-conviction relief as we would review an appeal from a summary judgment. The party opposing the motion for summary disposition is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. For summary judgment purposes, the evidentiary assertions of the party opposing the motion are assumed to be true.

■ [¶ 11] First, Ude argues he raised a material issue of fact and should have been allowed to present testimony. Ude claims he was prepared at the post-conviction hearing to present evidence in support of his application, but the district court did not permit him to do so.

[¶ 12] The record indicates that after Ude applied for post-conviction relief, the State responded, arguing it was entitled to summary disposition because there were no factual disputes. Ude replied to the State's response, arguing summary disposition on his application for post-conviction relief was not appropriate, but did not present affidavits or other supporting materials to raise an issue of material fact. Once the State requested summary disposition, Ude was put on his proof and needed to provide evidentiary support for his application in response to the State's request. *See Bender*, 1998 ND 72, ¶ 20, 576 N.W.2d 210. We conclude Ude failed to present any competent evidence to raise an issue of material fact, and he was not entitled to an evidentiary hearing on his application for post-conviction relief.

[¶ 13] In this case, the district court did hold a hearing on Ude's application for post-conviction relief and considered the pleadings and arguments from Ude and the State. Ude contends the district court denied him an opportunity to present testimony in support of his application. We disagree. Ude claims he had three witnesses present at the hearing to testify about the effectiveness of his trial counsel. The record and transcript do not indicate that the district court was ever made aware that Ude had witnesses present or that he wanted to present their testimony. The district court asked Ude on two occasions whether there was anything else for that hearing. On both occasions, Ude responded in the negative. The district court first asked Ude, "So this is a high burden to establish ineffective assistance of counsel. I've read the petition. I've read the response. Is there anything else you want to tell me about this ...?" Ude responded:

> Well, again, I would just reassert in my reply to the state's response that the Supreme Court has held numerous times that the proper place to identify, if

there was any potential ineffective assistance claim there, is back in the purview of the trial court. That's why the petition was filed.

Further, as far as the comment on the factual basis, it wasn't lacking some documents, Mr. Ude's comments to myself and comments from his family is that he didn't receive any documents.

At the end of the hearing, the district court again asked Ude, "Anything else for the Court this morning, . . . ?" Ude responded, "No, Your Honor." Ude never informed the district court that he had witnesses available to testify in support of his claim of ineffective assistance of counsel. On appeal, Ude cannot argue the district court erred when he never made the district court aware of the evidence he desired to introduce. *See State v. Goulet,* 1999 ND 80, ¶ 10, 593 N.W.2d 345 (concluding judges are not expected to understand a party's intention if the party has not informed the court of the intention).

[¶ 14] Second, Ude argues the district court erred in denying his application for post-conviction relief. We conclude Ude failed to present any evidence supporting his claims or raising an issue of material fact that his counsel's performance was deficient and his counsel's deficient performance prejudiced the defendant. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (providing the analytical framework for ineffective assistance claims). After the State requested summary disposition, Ude should have provided evidentiary support in opposition to the State's request. Furthermore, if Ude had three witnesses at the hearing and believed the district court had denied him the opportunity to present testimony, he should have made an offer of proof as to what the witnesses would have testified. *See* N.D.R.Ev. 103(a)(2) (providing an error may not be predicated upon a ruling which excludes evidence unless the party offering the evidence makes an offer of proof, or the substance of the evidence is apparent from the context in which the question was asked); *Heckelsmiller v. State,* 2004 ND 191, ¶ 12, 687 N.W.2d 454 (concluding failure to make an offer of proof at trial prevented a meaningful appeal on the issue of whether witnesses should have been allowed to testify). Because Ude did not make an offer of proof, we have no record of the evidence that would have been offered. Based on this record, we conclude the district court did not err in denying Ude's application for post-conviction relief.

[¶ 15] Although we conclude the district court did not err in denying Ude's application for post-conviction relief, we do note that the district court concluded Ude had not established ineffective assistance of counsel in part based on its review of the sentencing hearing transcript. On claims of ineffective assistance of counsel, the record and transcripts are generally not adequate. *Myers v. State,* 2009 ND 13, ¶ 12, 760 N.W.2d 362. A petitioner may allege ineffective assistance of counsel based on matters occurring outside the court record or transcript, and when appropriate, a district court should consider evidence of ineffective assistance of counsel beyond the record. However, in this case, because Ude did not submit any testimony, affidavits, or supporting evidence of ineffective assistance of counsel, the district court did not err in denying Ude's application for post-conviction relief.

## III

[¶ 16] We conclude the district court did not deny Ude an opportunity to present testimony and did not err in denying his application for post-conviction relief.

We affirm the district court's order denying post-conviction relief.

[¶ 17] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.