2017 ND 173

**Heather LEAVITT, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee**

**No. 20160398**

Supreme Court of North Dakota.

Filed 7/12/2017

Garrett D. Ludwig, Mandan ND, for petitioner and appellant.

Kelly A. Dillon, Minot, ND, for respondent and appellee.

Crothers, Justice.

[¶1] Heather Leavitt appeals from a district court order summarily dismissing her application for post-conviction relief. Heather Leavitt argues the district court erred in summarily dismissing her application because she received ineffective assistance of counsel. We affirm the district court's order.

I

[¶2] In 2014 a jury convicted Heather Leavitt of attempted murder. Her conviction was affirmed in *State v. Leavitt*, 2015 ND 146, 864 N.W.2d 472. There we summarized the facts of the underlying case as follows:

"On February 1, 2014, Timothy Leavitt woke up to being stabbed by an assailant in his home in Minot; he sustained serious injuries during the ensuing struggle, but was ultimately able to flee to safety. Although he was unable to positively identify his attacker, he described the assailant to authorities as 'having a pony-tail, the same stature as his wife [Heather Leavitt].' He described the knife used in the attack as having a black handle with metal dots and a long silver blade and noted it was identical to a set of knives he and his wife owned, which were no longer in his

home, but were in his wife's possession. He also informed officers he lived in the house alone, he and his wife were separated, and they were sharing custody of their children. Officers observed evidence of an attack at the home and 'bloody footprints (stocking feet)' throughout the home and adjacent yards. A black stocking hat with darker blonde hair was found under the bed and a pony-tail band was also found in his home.

"Based on the authorities' investigation, Sergeant David Goodman applied for a search warrant to search Heather Leavitt's person, home, and vehicle, and Goodman provided an affidavit in support of his application. A search warrant was issued, officers executed the warrant, and evidence was collected. During the search of Heather Leavitt's home, officers seized her cell phone. Officers later applied for and received a warrant to search the phone's contents. Heather Leavitt was charged with attempted murder, and before trial, she moved to suppress evidence obtained from the two search warrants. At the hearing on the motion, the State conceded that any evidence obtained from Heather Leavitt's cell phone should be suppressed. The district court granted Heather Leavitt's motion to suppress as to the search of her cell phone, but denied it as to the search of her person, home, and vehicle. A jury ultimately convicted Heather Leavitt of attempted murder."

*Id.* at ¶ 2 and ¶ 3.

[¶ 3] In March 2016 Heather Leavitt applied for post-conviction relief, arguing she received ineffective assistance of counsel. In April 2016 the State moved for summary disposition, arguing Heather Leavitt failed to raise a genuine issue of material fact. Heather Leavitt filed a motion to stay the determination of the State's motion for summary disposition until she filed a supplemental brief. The district court granted her motion. In May 2016 Heather Leavitt filed a supplemental application, arguing she received ineffective assistance of counsel when the lawyer representing her at trial failed to demand a *Franks* hearing because the affidavit on which the search warrant relied contained false and misleading statements and because favorable evidence was not presented at trial. The State renewed its motion for summary disposition. In November 2016 the district court granted the State's motion, dismissing Heather Leavitt's application. Heather Leavitt appeals.

II

[¶ 4] "Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure." *Kinsella v. State*, 2013 ND 238, ¶ 4, 840 N.W.2d 625 (quoting *Clark v. State*, 2008 ND 234, ¶ 11, 758 N.W.2d 900). "A district court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Howard v. State*, 2015 ND 102, ¶ 8, 863 N.W.2d 203 (quoting *Waslaski v. State*, 2013 ND 56, ¶ 7, 828 N.W.2d 787). "When reviewing an appeal from a summary denial of post-conviction relief, we review it as we would an appeal from summary judgment." *Id.* "The party opposing the motion is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Lindsey v. State*, 2014 ND 174, ¶ 7, 852 N.W.2d 383 (quoting *Coppage v. State*, 2011 ND 227, ¶ 8, 807 N.W.2d 585).

[¶ 5] If the State moves for summary disposition, the petitioner must sup-

port the application with evidence. *Delvo v. State*, 2010 ND 78, ¶ 12, 782 N.W.2d 72. This Court explained:

> "A petitioner is not required to provide evidentiary support for his petition until he has been given notice he is being put on his proof. At that point, the petitioner may not merely rely on the pleadings or on unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact. If the petitioner presents competent evidence, he is then entitled to an evidentiary hearing to fully present that evidence."

*Id.* (quoting *Henke v. State*, 2009 ND 117, ¶ 11, 767 N.W.2d 881). The district court can summarily dismiss an application for post-conviction relief if the State shows there is no genuine issue of material fact. *Id.* "A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts." *Id.* (quoting *Vandeberg v. State*, 2003 ND 71, ¶ 5, 660 N.W.2d 568).

### III

[¶ 6] Heather Leavitt claims the district court erred by summarily dismissing her argument that she was entitled to a *Franks* hearing. She also argues her trial counsel was ineffective for failing to pursue a *Franks* hearing. The legal question of whether a *Franks* hearing was available could have and should have been raised on direct appeal. N.D.C.C. § 29–32.1–12(2)(a); *Clark v. State*, 1999 ND 78, ¶ 23, 593 N.W.2d 329. Indeed, much of Heather Leavitt's post-conviction relief claim is based on her claim that trial counsel's performance was deficient because he did not pursue a *Franks* hearing. Therefore, dispositive of this issue is not whether Heather Leavitt was entitled to a *Franks* hearing; rather whether the dis-

trict court erred in summarily dismissing Heather Leavitt's claim her trial counsel was ineffective when he failed to pursue a *Franks* hearing.

[¶ 7] Generally, post-conviction ineffective assistance of counsel claims should not be summarily dismissed. *Ude v. State*, 2009 ND 71, ¶ 9, 764 N.W.2d 419. However, dismissal is permissible if the applicant does not raise a genuine issue of material fact. *Id.* "To avoid summary dismissal of an ineffective assistance of counsel claim, the post-conviction applicant must present some evidence that his counsel's performance fell below an objective standard of reasonableness, and he must overcome the presumption that his counsel's performance was within the broad range of reasonableness." *Id.* (quoting *Klose v. State*, 2008 ND 143, ¶ 13, 752 N.W.2d 192).

[¶ 8] An applicant claiming ineffective assistance of counsel has the ultimate burden of proving the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) that counsel's performance was defective and (2) the deficient performance prejudiced the defendant. *Steinbach v. State*, 2003 ND 46, ¶ 15, 658 N.W.2d 355. "The petitioner 'must specify how and where counsel was incompetent and the probable different result.'" *Peterka v. State*, 2015 ND 156, ¶ 31, 864 N.W.2d 745 (quoting *Klose v. State*, 2008 ND 143, ¶ 13, 752 N.W.2d 192). "A petitioner's failure to show how, but for the attorneys' errors, the results of the proceedings would have been different justifies a district court's decision to summarily dismiss the ineffective assistance of counsel claims." *Id.* (internal quotations and citations omitted). "Whether a petitioner received ineffective assistance of counsel is a mixed question of law and fact, fully

reviewable on appeal." *Ratliff v. State*, 2016 ND 149, ¶ 6, 882 N.W.2d 716.

[¶ 9] Heather Leavitt contends it is reasonably possible that some evidence would have been suppressed if a *Franks* hearing had been pursued. She asserts that comparing inconsistencies between the recording of the interview and the affidavit makes it clear her trial counsel should have pursued a *Franks* hearing. Specifically, Heather Leavitt contends Timothy Leavitt, in his interview with Sergeant Goodman, did not state his attacker was the same stature as his wife, was unsure if the attacker had a pony-tail, previously portrayed the attacker as a male and did not say the knife used in the attack was "identical" to the set in his wife's possession.

[¶ 10] In *State v. Rogahn*, 2016 ND 93, ¶ 14, 879 N.W.2d 454, this Court explained the availability of a *Franks* hearing:

> "When a defendant alleges false or misleading statements have been made in the application for a search warrant, we address the issue under the standard set forth in [*Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)]. An affidavit in support of a search warrant must contain 'truthful' statements. Under *Franks*, this does not require every statement contained in the affidavit necessarily be correct, but rather requires the statement be truthful in the sense that the information put forth is believed or appropriately accepted by the affiant as true. A false statement under *Franks* is one that misleads a neutral and detached magistrate into believing the stated facts exist, and those facts in turn affect the magistrate's evaluation of whether or not there is probable cause. That standard may also apply to statements that are deliberately false or misleading by omission. A *Franks* hearing is required only if:

> (1) a defendant makes a substantial preliminary showing, accompanied by an offer of proof, that false statements were made in support of a search warrant, either knowingly and intentionally or with reckless disregard for the truth, and (2) the allegedly false statements are necessary to a finding of probable cause. No evidentiary hearing is required if there remains sufficient evidence to support a finding of probable cause without the allegedly false statements, and allegations that false statements were negligently or innocently made are insufficient to necessitate an evidentiary hearing.

> The defendant's burden of making a threshold showing as to the necessity of a *Franks* hearing is something less than a preponderance of the evidence."

(Internal citations and quotations omitted).

[¶ 11] Heather Leavitt claims her application for post-conviction relief and accompanying materials raised material issues of fact and warrant an evidentiary hearing on her claim for ineffective assistance of counsel. We conclude she failed to provide any proof of prejudice in the context of whether she was entitled to a *Franks* hearing. *See Heckelsmiller v. State*, 2004 ND 191, ¶ 4, 687 N.W.2d 454 (stating prejudice prong of ineffective assistance of counsel claim requires defendant to establish reasonable probability that, but for counsel's claimed errors, the result of proceeding would have been different). "If it is easier to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, that course should be followed." *Roth v. State*, 2007 ND 112, ¶ 9, 735 N.W.2d 882.

[¶ 12] Here, Heather Leavitt argued Timothy Leavitt did not say the attacker had a pony-tail, was the same stature as his wife, and previously said the attacker

was a man. The affidavit supporting issuance of the search warrant stated: "He described the attacker as having a pony-tail, the same stature as his wife." In the recording Timothy Leavitt says his attacker "might have had a pony-tail." Timothy Leavitt also compared the height of the attacker to one of the detectives during the interview, who was 5'8", while stating Heather Leavitt was 5'7". The affidavit goes on to state: "The victim could not specifically identify the attacker as his wife." The affidavit states Timothy Leavitt did not know his attacker or attackers.

[¶ 13] Heather Leavitt also argues Timothy Leavitt did not state during the interview the knife was "identical" to a knife in her possession. During the interview Timothy Leavitt, in referring to the knife used in the attack, stated: "I thought it was one from the set we had but that's not in the house anymore[,]" because the set was in Heather Leavitt's possession.

[¶ 14] Instances exist where the affiant did not precisely repeat the words used by Timothy Leavitt. But when the statements isolated by Heather Leavitt are compared to the affiant's further statements that the victim could not identify the attacker as his wife and claimed to not know his attacker or attackers, the instances raised by Heather Leavitt do not make the required "substantial preliminary showing, accompanied by an offer of proof, that false statements were made in support of a search warrant, either knowingly and intentionally or with reckless disregard for the truth[.]" *State v. Rogahn*, 2016 ND 93, ¶ 14, 879 N.W.2d 454 (quoting *State v. Ebel*, 2006 ND 212, ¶ 22, 723 N.W.2d 375). Heather Leavitt therefore fails to show she was entitled to a *Franks* hearing, meaning she also cannot show she was prejudiced by her trial counsel's failure to pursue a *Franks* hearing. We conclude the district court did not err granting summary disposition on this ground.

IV

[¶ 15] Heather Leavitt argues the district court erred in summarily dismissing her application because she received ineffective assistance of counsel when her trial counsel did not call Officer Bloyer, who was the first to speak with Timothy Leavitt after the attack. Heather Leavitt contends the officer could testify that Timothy Leavitt referred to his attacker as male and close to his height. She claims "To have an officer, who was also one of the first to speak with Mr. Leavitt after the attack, testify that Mr. Leavitt said his attacker was a male that was close to 5'11" in height could have proved invaluable to Heather's defense." She also contends Officer Bloyer's police report constitutes evidence raising a genuine issue of material fact.

[¶ 16] The State's motion for summary disposition put Heather Leavitt to her proof and she had the burden to present the district court with competent and admissible evidence on both *Strickland* prongs. *Steinbach v. State*, 2003 ND 46, ¶ 15, 658 N.W.2d 355. Yet the district court was not provided with evidence of what Officer Bloyer actually would have said if called as a witness, or how that testimony likely would have lead to a different result. Rather, the district court only had Heather Leavitt's argument that calling the officer to testify "could have proved invaluable[.]" That speculation falls short of her obligation when put to her proof of showing a material issue of fact. *Ude v. State*, 2009 ND 71, ¶ 8, 764 N.W.2d 419. We conclude summary disposition was appropriate regarding Heather Leavitt's ineffective assistance of counsel claims.

## V

[¶ 17] We affirm the district court's order summarily dismissing Heather Leavitt's application for post-conviction relief.

[¶ 18] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Jerod E. Tufte

Gerald W. VandeWalle, C.J.