# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2018 ND 264

Rocky Stein,                                                                Petitioner and Appellant

v.

State of North Dakota,                                              Respondent and Appellee

No. 20180128

Appeal from the District Court of Mercer County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Justice.

Charles J. Sheeley, Fargo, ND, for petitioner and appellant.

Jessica J. Binder, State's Attorney, Stanton, ND, for respondent and appellee.

**Jensen, Justice.**

[¶1]    Rocky Stein appeals from the district court's order summarily dismissing his petition for post-conviction relief.  Stein seeks relief from the criminal judgment entered following his plea of guilty to a charge of manslaughter.  Stein asserts he received ineffective assistance of counsel prior to his guilty plea.  We affirm in part, reverse in part, and remand this case for further proceedings on Stein's petition for post-conviction relief.

[¶2]    Stein was the driver of one of two vehicles involved in an accident that occurred in September 2013.  The driver of the other vehicle died as a result of injuries sustained in the accident.  Stein was subsequently charged with criminal vehicular homicide.

[¶3]    While represented by counsel, Stein pleaded guilty to an amended charge of manslaughter.  Stein was sentenced to ten years' imprisonment with three years suspended for a period of five years.  In his petition for post-conviction relief, Stein alleged various errors made by his attorney.

[¶4]    The State moved the district court for dismissal or summary disposition of the petition.  Stein responded to the State's motion by filing a personal affidavit, his college transcripts, and his counseling treatment records.  After reviewing the materials provided by Stein and the change of plea transcript, the district court found that Stein had failed to produce any reasonable inferences which raised genuine issues of material fact regarding his attorney's representation and granted the State's request for summary disposition.

[¶5]    A district court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  N.D.C.C. § 29-32.1-09(1); *Johnson v. State*, 2006 ND 122, ¶ 19, 714 N.W.2d 832; *Heyen v. State*, 2001 ND 126, ¶ 6, 630 N.W.2d 56.  This

Court reviews an appeal from summary denial of post-conviction relief as we would review an appeal from a summary judgment. *Johnson*, at ¶ 19; *Heyen*, at ¶ 6. The party opposing a motion for summary dismissal is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Heyen*, at ¶ 6. For summary judgment purposes, the evidentiary assertions of the party opposing the motion are assumed to be true. *Dinger v. Strata Corp.*, 2000 ND 41, ¶ 14, 607 N.W.2d 886. Ineffective assistance of counsel issues are mixed questions of law and fact, which are fully reviewable on appeal. *Heckelsmiller v. State*, 2004 ND 191, ¶ 5, 687 N.W.2d 454.

[¶6] Stein's petition, although containing multiple allegations, can be summarized as a contention that he was not provided with effective assistance of counsel. Stein bears the burden of proving two elements or prongs to establish his claim that he received ineffective assistance of counsel. *Johnson*, 2006 ND 122, ¶ 20, 714 N.W.2d 832 (citing *Garcia v. State*, 2004 ND 81, ¶ 5, 678 N.W.2d 568 and *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (providing the analytical framework for ineffective assistance claims)). First, Stein must prove his attorney's performance fell below an objective standard of reasonableness. *Johnson*, at ¶ 20; *Wright v. State*, 2005 ND 217, ¶ 10, 707 N.W.2d 242. An attorney's performance is measured through consideration of the prevailing professional norms. *Johnson*, at ¶ 20. Stein must overcome the strong presumption that his counsel's representation fell within the wide range of reasonable professional assistance, and courts must consciously attempt to limit the distorting effect of hindsight. *Wright*, at ¶ 10; *Laib v. State*, 2005 ND 187, ¶ 9, 705 N.W.2d 845. Second, Stein must show that the attorney's deficient performance resulted in prejudice. *Johnson*, at ¶ 20; *Wright*, at ¶ 10. To establish prejudice in the context of reviewing a plea of guilty, Stein "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

2

[¶7]    Stein makes a number of allegations he contends satisfy the first prong of the *Strickland* test; that his attorney's performance fell below an objective standard of reasonableness.   First, Stein argues his attorney failed to advise him of new developments in the law which called into question the district court's prior denial of his motion to suppress the results of a blood test performed on blood collected without his consent.   Second, Stein alleges his attorney inappropriately expedited the guilty plea after his attorney learned he would be leaving the Bismarck-Mandan Public Defender's Office.   He argues that as a result of his case being expedited, he never had a chance to review the presentence investigation report as required by law, information regarding his physical and mental health was excluded from the presentence investigation report, his counsel failed to provide a chemical dependency evaluation and treatment reports to the court, insufficient time was spent developing the time line of his physical health and therapy, his counsel failed to hire an expert to explain Stein's medical and mental health conditions, and he did not have adequate time to consider the plea or its consequences.   Third, Stein argues he was not adequately advised of the consequences of pleading guilty.   He claims his counsel failed to inform him that a plea to a charge of manslaughter would require him to serve at least 85 percent of any sentence of incarceration under N.D.C.C. § 12.1-32-09.1 and that he was erroneously led to believe there was a good chance he would get only probation without any incarceration.   The district court determined all of Stein's allegations failed to satisfy the first prong of the *Strickland* test.

[¶8]    This Court has previously recognized that when determining whether summary disposition is appropriate on claims of ineffective assistance of counsel, the record and transcripts are generally not adequate.   *Henke v. State*, 2009 ND 117, ¶ 16, 767 N.W.2d 881 (citing *Myers v. State*, 2009 ND 13, ¶ 12, 760 N.W.2d 362). However, our concern regarding a district court's reliance only on the record has generally been limited to allegations that allege incidents outside of the record.   *Id.* at ¶ 16.   This Court has stated, "[a] petitioner may allege ineffective assistance of counsel based on matters occurring outside the court record or transcript, and when

appropriate, a district court should consider evidence of ineffective assistance of counsel beyond the record." *Id.* (quoting *Ude v. State*, 2009 ND 71, ¶ 15, 764 N.W.2d 419).

[¶9]  In the present case, the district court reviewed Stein's allegations, compared those allegations to the record and concluded Stein's allegations were in direct conflict with a clear and unambiguous record, and therefore Stein failed to satisfy the first prong of the *Strickland* test.  A majority of Stein's assertions are contentions that information was not entered into the record or that he was not provided information which, had he been provided the information, would have changed his decision to plead guilty.

[¶10]  When a claim made in an application for post-conviction relief is clearly and unambiguously  contradicted by the record, summary disposition is appropriate. *See e.g., Howard v. State*, 2015 ND 102, ¶¶ 11-12, 863 N.W.2d 203; *see also Whiteman v. State*, 2002 ND 77, ¶ 22, 643 N.W.2d 704 (summary dismissal is appropriate when the record conclusively contradicts the allegation).  In summary, we agree with the district court's conclusions regarding the following allegations made by Stein:  1) that during the sentencing hearing the parties clearly and unambiguously discussed the prior denial of Stein's motion to suppress the blood test, discussed the possibility of an appeal of the denial of the motion to suppress in light of the recent developments regarding warrantless blood tests, and that Stein wished to plead guilty and forego his right to appeal; 2) that the parties waived the required ten-day period for reviewing the presentence investigation report ("PSIR"), the PSIR included the physical and mental health information that Stein claimed was excluded, the PSIR included a history of Stein's addiction(s), and that during the sentencing hearing, Stein and his counsel both discussed "at length" Stein's physical health and therapy; 3) Stein's assertion that he did not have adequate time to consider the plea or its consequences is in direct conflict with the record, with the district court noting that Stein's counsel informed the court on June 15, 2016 that an agreement had been reached to the amended charge of manslaughter, the State confirmed the agreement at a pretrial

conference on July 8, 2016 and the change of plea hearing did not occur until July 25, 2016; and 4) the district court informed Stein of the potential consequences of pleading guilty, including the minimum and maximum possible sentence of incarceration, during the sentencing hearing. The district court did not err in summarily disposing of Stein's claims that he was not provided with particular information or allowed to submit particular information when the record clearly and unambiguously demonstrates the contrary.

[¶11] In addition to the above allegations, Stein's application for post-conviction relief asserted he was not informed he would be required to serve at least 85 percent of any period of incarceration as provided by N.D.C.C. § 12.1-32-09.1. The district court's order does not address this allegation. No discussion of the "85 percent rule" appears within the sentencing hearing transcript. Additionally, Stein contends that his counsel told him he was likely to receive a sentence limited to probation.

[¶12] Failure to inform about the 85 percent service requirement is not per se improper, but misinformation about the length of a sentence can be viewed as below the objective standard of reasonableness. *Sambursky v. State*, 2006 ND 223, ¶¶ 17-19, 723 N.W.2d 524. In *Sambursky*, this Court was faced with a summary dismissal of a motion for post-conviction relief. *Id*. at ¶¶ 5-6. The defendant alleged his attorney failed to inform him of the amount of time he would serve in conjunction with his guilty plea. *Id*. at ¶ 18. When taken as true, this mistake raised a genuine issue of fact under the first prong of the *Strickland* test. *Id*. at ¶¶ 20-21.

[¶13] To satisfy the prejudice requirement of the *Strickland* test, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. In *Sambursky*, the defendant asserted in his affidavit that he would have insisted on going to trial had he been properly informed about the sentence he would potentially serve under a plea agreement. *Sambursky*, 2006 ND 223, ¶ 26, 723 N.W.2d 524. When the defendant's allegation was taken as true, that allegation satisfied the second

5

prong of the *Strickland* test and this Court concluded the defendant was entitled to an evidentiary hearing. *Id*.

[¶14] The facts of this case closely resemble those of *Sambursky*. Stein asserted to the district court in his affidavit that he was not informed he would be required to serve 85 percent of any period of incarceration imposed as part of his sentence and that his sentence was likely to be limited to probation. Stein also stated in his affidavit, "I would not have pled guilty had I . . . [understood] the implications of the manslaughter plea . . . ." In granting the State's request for summary dismissal of Stein's application for post-conviction relief, the district court did not address Stein's allegation he was not informed he would be required to serve 85 percent of any period of incarceration imposed as part of his sentence, and that had he been informed of that requirement, he would not have pled guilty.

[¶15] The district court properly granted summary dismissal of the majority of Stein's claims asserting ineffective assistance of counsel. However, the district court erred in summarily dismissing Stein's claims that he was not informed of the requirement he serve at least 85 percent of any period of incarceration and that his sentence would be limited to probation. Stein is entitled to an evidentiary hearing regarding the allegations he was not informed he would be required to serve at least 85 percent of any period of incarceration and that his counsel told him his sentence was likely to be limited to probation. The district court then should determine if Stein met his burden under the *Strickland* test. We affirm in part, reverse in part, and remand this case to the district court for further proceedings.

[¶16] Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Gerald W. VandeWalle, C.J.