# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2019 ND 137

| | |
|---|---|
| Edward Reynaldo Morales, | Petitioner and Appellant |
| v. | |
| State of North Dakota, | Respondent and Appellee |

No. 20180408

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Matthew J. Arthurs, Bismarck, N.D., for petitioner and appellant.

Nathan K. Madden, Assistant State's Attorney, Williston, N.D., for respondent and appellee.

**Tufte, Justice.**

[¶1]     Edward Morales appeals from a district court order summarily dismissing his application for post-conviction relief. Morales conditionally pled guilty to causing his wife's death while operating a motor vehicle while under the influence of alcohol in violation of N.D.C.C. § 39-08-01.2(1). He applied for post-conviction relief, alleging ineffective assistance of counsel. The district court summarily dismissed the application, reasoning that Morales had raised only conclusory allegations and generic claims. We affirm the district court's order.

I

[¶2]     Morales was driving a mini-van in an RV park when he collided with a goose-neck trailer. His wife, a passenger in the mini-van, died as a result of this collision. A blood test indicated Morales had a 0.209 percent blood alcohol concentration. Morales was charged with a class A felony of causing a death while operating a motor vehicle while under the influence of alcohol in violation of N.D.C.C. § 39-08-01.2(1). Nicole Foster was appointed as his attorney. Before trial the State learned Morales had been convicted in Florida of causing a death while driving under the influence, which would require a ten year mandatory minimum sentence on conviction for the pending charge. Morales conditionally pled guilty and was sentenced to ten years' imprisonment, with three years to be suspended for three years after his release. The plea agreement preserved Morales' right to appeal a suppression issue and avoided a mandatory minimum sentence of ten years in prison followed by probation subject to a mandatory 24/7 testing condition. Morales unsuccessfully appealed his criminal judgment. *See State v. Morales*, 2015 ND 230, 869 N.W.2d 417.

[¶3]     Morales filed a pro se post-conviction relief application. The district court appointed counsel for Morales. Through counsel, Morales filed an amended application and attached his affidavit. The State moved to dismiss the application.

Morales responded to the State's motion to dismiss but did not provide further evidence. In support of his opposition to summary dismissal, he referenced his affidavit, the plea hearing transcript, and the disciplinary actions and opinions against Foster. The district court summarily granted the State's motion to dismiss the application, concluding Morales had raised only conclusory allegations insufficient to defeat the motion for summary dismissal. Morales appeals.

II

[¶4] "The issue of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable by this Court." *Brewer v. State*, 2019 ND 69, ¶ 5, 924 N.W.2d 87. "[C]laims of ineffective assistance of counsel are ordinarily unsuited to summary disposition without an evidentiary hearing." *Horvath v. State*, 2018 ND 24, ¶ 8, 905 N.W.2d 734. "A district court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Stein v. State*, 2018 ND 264, ¶ 5, 920 N.W.2d 477. We review an appeal from a summary dismissal of post-conviction relief under the same analysis as a summary judgment, *id*., particularly when "matters outside the pleadings are considered." *Horvath,* at ¶ 6.

> The party opposing a motion for summary dismissal is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. For summary judgment purposes, the evidentiary assertions of the party opposing the motion are assumed to be true.

*Stein*, at ¶ 5 (internal citation omitted). A "genuine issue of material fact" is present if "reasonable minds could draw different inferences and reach different conclusions from the undisputed facts." *Leavitt v. State*, 2017 ND 173, ¶ 5, 898 N.W.2d 435. But, summary dismissal is proper only after applicants are "put to their proof, and . . . then fail[] to provide some evidentiary support for their allegations." *Horvath*, at ¶ 8.

[¶5] The State "has the initial burden of showing an absence of a genuine issue of material fact." *Klose v. State*, 2008 ND 143, ¶ 9, 752 N.W.2d 192. The State can discharge this burden by showing an absence of evidence to support the applicant's

claim. *Id*. The State must first put the applicant to its proof by showing, "based on reasonable inferences drawn from undisputed facts, that reasonable minds could reach but one conclusion regarding the allegations." *Horvath*, 2018 ND 24, ¶ 8, 905 N.W.2d 734. The State put Morales to his proof by its motion to dismiss. Once the State put the petitioner to his proof by moving for summary dismissal and showing it is "entitled to a judgment as a matter of law," *Horvath*, at ¶ 8; *Lindsey v. State*, 2014 ND 174, ¶ 15, 852 N.W.2d 383; *Klose*, at ¶ 9, the burden shifted to the applicant, who must "provide some competent evidence to support his claim." *Horvath*, at ¶ 8. However, an applicant cannot "merely rely on the pleadings or on unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact." *Leavitt*, 2017 ND 173, ¶ 5, 898 N.W.2d 435. If the applicant succeeds in providing competent evidence, he is entitled to an evidentiary hearing. *Horvath*, at ¶ 8.

[¶6] When arguing ineffective assistance of counsel, the applicant has the burden to establish grounds for relief. *Brewer*, 2019 ND 69, ¶ 4, 924 N.W.2d 87. The applicant must meet both prongs of the *Strickland* test. *Id*. at ¶ 5; *Booth v. State*, 2017 ND 97, ¶ 7, 893 N.W.2d 186; *Bahtiraj v. State*, 2013 ND 240, ¶ 9, 840 N.W.2d 605; *see Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Prong one is to "show that counsel's representation fell below an objective standard of reasonableness," and prong two is to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Brewer*, at ¶ 5 (quoting *Strickland*, at 688, 694). The showings "must specify how and where counsel was incompetent and the probable different result." *Ude v. State*, 2009 ND 71, ¶ 9, 764 N.W.2d 419. If the petitioner fails to raise an issue of material fact on either prong, then summary dismissal is justified. *Id*.

III

[¶7] Morales's evidence is his affidavit and, by reference, the plea hearing transcript and the disciplinary opinions against attorney Foster. Morales alleges Foster was ineffective when she assured him he would win on appeal. For an ineffective

assistance of counsel claim, the "record and transcripts are generally not adequate," because the "allegations . . . allege incidents outside of the record." *Stein*, 2018 ND 264, ¶ 8, 920 N.W.2d 477. The question before us is whether the affidavit creates a genuine issue of material fact or contains only conclusory allegations as the district court determined. To raise a genuine issue of material fact in an ineffective assistance of counsel claim, the applicant must present some evidence to support each *Strickland* prong. *Leavitt*, 2017 ND 173, ¶ 7, 898 N.W.2d 435.

[¶8] When applying the *Strickland* test, "[c]ourts need not address both prongs . . . and if a court can resolve the case by addressing only one prong it is encouraged to do so." *Rourke v. State*, 2018 ND 137, ¶ 6, 912 N.W.2d 311 (quoting *Booth*, 2017 ND 97, ¶ 8, 893 N.W.2d 186). Because we conclude Morales failed to raise an issue of material fact on the second *Strickland* prong, we need not address the first prong. Under the second prong the applicant must "show that the attorney's deficient performance resulted in prejudice." *Stein*, 2018 ND 264, ¶ 6, 920 N.W.2d 477. When reviewing a guilty plea, the applicant "must show that there is a reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going to trial." *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). But "[w]hen a claim [is] made in an application for post-conviction relief[, and it] is clearly and unambiguously contradicted by the record, summary disposition is appropriate." *Stein*, at ¶ 10.

[¶9] Morales states in his affidavit that he would not have pled guilty but for Foster telling him that the Supreme Court would overturn his case if he pled guilty. He also states that "I believe I did not do" the crime, and that he is not guilty. He continued, "I want to have my day in court and to be able to explain that what happened to my wife was an accident, not a crime." Morales insisted he wanted to plead "'no contest' because pleading guilty would sound like I am lying." Morales never claims that, absent the advice he alleges he received from his attorney, he would have insisted on pleading not guilty and going to trial, which is required by prong two of the *Strickland* test, *id.* at ¶ 13 (quoting *Hill*, 474 U.S. at 59); he merely states he would not have pled

4

guilty because he wanted to plead no contest and explain the "accident" that killed his wife.

[¶10] Courts "require something more than defendant's subjective, self-serving statement that, with competent advice, he would not have pled guilty and would have insisted on going to trial." *Bahtiraj*, 2013 ND 240, ¶ 16, 840 N.W.2d 605 (internal quotations omitted); *Booth*, 2017 ND 97, ¶ 9, 893 N.W.2d 186. Morales "must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Bahtiraj*, at ¶ 16 (internal quotations omitted). Morales needs to "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id*. To determine rationality, an "examination and prediction of the likely outcome of a possible trial" is required. *Id*. Morales "must allege facts that, if proven, would support a conclusion that rejection of the plea bargain would have been rational because valid defenses existed, a suppression motion could have undermined the prosecution's case, or there was a realistic potential for a lower sentence." *Booth*, at ¶ 9. Further, when reviewing whether the advice given by counsel to plead guilty was reasonable, factors a court considers include the "prospect of plea bargaining, the expectation or hope of a lesser sentence, or the convincing nature of the evidence against the accused." *Bahtiraj*, at ¶ 18.

[¶11] Morales did not state in his affidavit that he would have insisted on proceeding to trial. Although he claims he would not have pled guilty, he states he wanted to plead "no contest," a plea that does not exist in North Dakota. Also, Morales neither provided a rational defense to his charge nor showed an expectation of a lesser sentence upon re-trial. To the contrary, Morales acknowledges he has been advised by post-conviction counsel "there is a good chance that I will be resentenced to more time." There was ample evidence Morales was guilty of violating N.D.C.C. § 39-08-01.2(1). *See State v. Morales*, 2015 ND 230, ¶¶ 2-5, 869 N.W.2d 417. Morales claims the death of his wife was an accident and therefore he is not guilty, but this claim would not be a defense to the charge and it is contradicted by the

5

record. Because of Nicole Foster's work and the resulting plea bargain, Morales was sentenced to less than the mandatory minimum sentence, which could apply on a retrial. Morales failed to raise an issue of material fact on prejudice.

IV

[¶12]   Because Morales's affidavit contains only conclusory allegations, he did not raise an issue of material fact on *Strickland's* prejudice prong. We affirm the district court's order summarily dismissing Morales's post-conviction relief application.

[¶13]   Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.