# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 221

Dale Gene Yost,                                                                 Petitioner and Appellant

v.

State of North Dakota,                                                     Respondent and Appellee

## Nos. 20200125, 20200149, 20200150 & 20200151

Appeal from the District Court of McHenry County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

AFFIRMED.

Per Curiam.

Kiara C. Kraus-Parr, Grand Forks, N.D., for petitioner and appellant.

Joshua E. Frey, State's Attorney, Towner, N.D., for respondent and appellee.

**Per Curiam.**

[¶1] Dale Yost appeals from an order denying his application for postconviction relief following an evidentiary hearing. Yost argues the district court erred in denying his application for postconviction relief and concluding he failed to prove he received ineffective assistance of counsel. Yost argues his presentence attorney failed to investigate and request the reports of medical examinations conducted on two victims, move to withdraw his pleas of guilty, and move to suppress evidence for an alleged *Miranda* violation.

[¶2] We conclude the district court did not clearly err in denying Yost's application for post-conviction relief. Yost failed to establish his attorney's representation fell below an objective standard of reasonableness under the first prong of the *Strickland* test by not moving to withdraw his guilty pleas or to suppress evidence. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Further, Yost failed to show he was prejudiced by any alleged failure of counsel to investigate and request medical reports under the second prong of *Strickland. See Lindsey v. State*, 2014 ND 174, ¶ 19, 852 N.W.2d 383 (quotations omitted) (The second prong "is satisfied in the context of a guilty plea if the defendant shows there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."); *Leavitt v. State*, 2017 ND 173, ¶ 16, 898 N.W.2d 435 (concluding speculation about the contents of evidence not presented was insufficient to establish prejudice). We have said that courts need not address both prongs of the *Strickland* test if the matter can be resolved by addressing only one prong. *Osier v. State*, 2014 ND 41, ¶ 11, 843 N.W.2d 277. Accordingly, we summarily affirm under N.D.R.App.P. 35.1(a)(2).

[¶3]    Jerod E. Tufte
        Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Lisa Fair McEvers
        Daniel J. Crothers