**Corrected Opinion Filed 10/23/23 by Clerk of the Supreme Court**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 151

Ronald Wayne Wootan,                                          Petitioner and Appellant

v.

State of North Dakota,                                          Respondent and Appellee

### No. 20230036

Appeal from the District Court of Rolette County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Brian D. Grosinger, State's Attorney, Rolla, ND, for respondent and appellee.



I, Petra H. Mandigo Hulm, Clerk of the
Supreme Court of North Dakota, declare
under penalty of perjury that this is a full,
true and correct copy of the original
as the same remains on file in my office.
Signed and Seal of this Court affixed
this 8th day of September, 2023.

__PETRA H. MANDIGO HULM___
Clerk, Supreme Court

By: /s/ Becky Palmer
Deputy Clerk

**Jensen, Chief Justice.**

[¶1] Ronald Wootan appeals a district court's order granting summary judgment in favor of the State. The court concluded there were no genuine issues as to a material fact and dismissed Wootan's application for post-conviction relief without holding an evidentiary hearing. Wootan asserts the court erred in concluding there were no genuine issues as to a material fact and he is entitled to an evidentiary hearing. We affirm in part, reverse in part, and remand for the court to hold an evidentiary hearing on Wootan's application.

I

[¶2] Wootan was initially charged with murder, attempted murder, terrorizing, reckless endangerment, and preventing arrest or discharge of other duties. As part of a plea agreement, the State moved to amend the murder charge to manslaughter. Wootan subsequently pled guilty to manslaughter, attempted aggravated assault on a peace officer, reckless endangerment, and preventing arrest or discharge of other duties. Wootan was sentenced to a total of 16 years, consisting of a 10-year sentence for manslaughter with 2 years suspended, a 10-year sentence for attempted aggravated assault to run consecutive to the manslaughter charge with 2 years suspended, a 5-year sentence for reckless endangerment to run concurrent to the aggravated assault sentence with three years suspended, and a 5-year sentence, all suspended, for preventing arrest or discharge of other duties.

[¶3] Wootan applied for post-conviction relief, asserting he was entitled to withdraw his guilty plea due to ineffective assistance of counsel. A notice of hearing was filed which scheduled an evidentiary hearing for December 28, 2022. On December 21, 2022, the State filed a motion for summary judgment. At the scheduled evidentiary hearing the district court determined the motion for summary judgment was untimely. The court exercised its discretion to allow the motion and provided Wootan the appropriate time to respond.

1

Wootan responded to the motion for summary judgment and the court issued an order dismissing Wootan's post-conviction application finding Wootan had failed to identify a material fact at issue.

II

[¶4]   Wootan contends the district court erred in granting summary judgment and he is entitled to an evidentiary hearing.

> "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Myers v. State*, 2017 ND 66, ¶ 7, 891 N.W.2d 724 (quoting *Wacht v. State*, 2015 ND 154, ¶ 6, 864 N.W.2d 740). A district court may summarily dismiss a post-conviction relief application if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. N.D.C.C. § 29-32.1-09(3). This Court reviews an appeal from summary dismissal of post-conviction relief as it would review an appeal from a summary judgment. *Myers*, at ¶ 7. "The party opposing the motion for summary dismissal is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Id*.

*Campbell v. State*, 2021 ND 45, ¶ 8, 956 N.W.2d 387. Wootan asserts summary judgment was improper because there is a genuine issue as to whether his attorney provided ineffective assistance by providing Wootan with incorrect advice about the terms of the plea agreement and by failing to reduce the terms of the agreement to writing. Wootan argues his attorney provided him with incorrect advice about the terms of the plea agreement, asserting he was told his sentences would run concurrently.

[¶5]   Whether summary judgment was properly granted is a question of law which we review de novo on the entire record. *Atkins v. State*, 2021 ND 83, ¶ 13, 959 N.W.2d 588. "Summary dismissal of a post-conviction application, like summary judgment, is only appropriate if there is no genuine issue as to any material fact." *Id*. A genuine issue of material fact only exists if reasonable minds could draw different inferences and reach different conclusions as to the disputed facts. *Id*.

[¶6]  "The issue of ineffective assistance of counsel is a mixed question of law and fact and is fully reviewable by this Court." *Morales v. State*, 2019 ND 137, ¶ 4, 927 N.W.2d 401 (quoting *Brewer v. State*, 2019 ND 69, ¶ 5, 924 N.W.2d 87). Generally, a claim of ineffective assistance of counsel is unsuited to summary disposition without an evidentiary hearing. *Campbell*, 2021 ND 45, ¶ 9. To prevail on a claim for ineffective assistance of counsel, the applicant must show (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Stein v. State*, 2018 ND 264, ¶ 6, 920 N.W.2d 477 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)) (providing the analytical framework for ineffective assistance of counsel claims).

[¶7]  To satisfy the first requirement of the *Strickland* test, Wootan's evidence, when taken in the light most favorable to Wootan, must show his attorney's representation fell below an objective standard of reasonableness. *Stein*, 2018 ND 264, ¶ 12. "An attorney's performance is measured through consideration of the prevailing professional norms." *Id.* at ¶ 6. There is a strong presumption that an attorney's representation fell within the wide range of reasonable professional assistance. *Id.* We have noted before that "misinformation about the length of a sentence can be viewed as below the objective standard of reasonableness." *Id.* at ¶ 12. *See also Sambursky v. State*, 2006 ND 223, ¶¶ 17-19, 723 N.W.2d 524. Wootan argues his attorney told him the sentences would run concurrently. When taken as true, this mistake raises a genuine issue of fact under the first prong of the *Strickland* test.

[¶8]  To satisfy the second requirement of the *Strickland* test, Wootan "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In his verified application, Wootan asserted had he known his sentences could run consecutively he would not have pled guilty and instead proceeded with trial and asserted self-defense. When taken as true, this raises a genuine issue of fact under the second prong of the *Strickland* test.

     Filed by Clerk of Supreme Court 10/23/23

[¶9]   Wootan has clearly asserted that, but for counsel's misinformation about his sentences running concurrently, he would not have entered a guilty plea and instead would have insisted on going to trial. While Wootan did not provide an affidavit after the State moved for summary judgment, Wootan's verified application for post-conviction relief may be treated as an affidavit to provide evidence to resist summary judgment. *See Davies v. State*, 2018 ND 211, ¶ 14, 917 N.W.2d 8. Wootan's application included admissible evidence in the form of his own statements based on personal knowledge of statements made to him by his attorney. These admissible statements are enough to raise an issue of material fact. Wootan is entitled to an evidentiary hearing on this issue.

[¶10] Wootan also argues his attorney provided ineffective assistance of counsel by failing to reduce the terms of the agreement to writing. We have noted before that "[n]ot all plea agreements are reduced to writing." *State v. Farrell*, 2000 ND 26, ¶ 16, 606 N.W.2d 524. Rule 11, N.D.R.Crim.P., requires only a conditional plea must be consented to in writing by the defendant, any defendant's attorney, and the prosecuting attorney. N.D.R.Crim.P. 11(a)(2). Wootan's pleas were not conditional and the plea agreement was not required to be reduced to writing. It was not ineffective assistance of counsel for Wootan's attorney to not reduce the plea agreement to writing. This argument fails the first prong of the *Strickland* test. The district court did not err in granting summary judgment as to this issue.

III

[¶11] The district court did not err in granting summary judgment on Wootan's claim asserting his attorney provided ineffective assistance of counsel by failing to reduce the terms of the plea agreement to writing. However, the district court erred in granting summary judgment on Wootan's claim asserting his attorney provided ineffective assistance of counsel by stating Wootan's sentences would run concurrently, because Wootan raised a genuine issue as to a material fact. We affirm in part, reverse in part, and remand for the district court to hold an evidentiary hearing.

[¶12] Jon J. Jensen, C.J.
     Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte

Douglas A. Bahr