# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 143

Ronald Wayne Wootan,　　　　　　　　　　　　Petitioner and Appellant

    v.

State of North Dakota,　　　　　　　　　　　　Respondent and Appellee

## No. 20240025

Appeal from the District Court of Rolette County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

AFFIRMED.

Per Curiam.

Kiara C. Kraus-Parr, Grand Forks, ND, for petitioner and appellant.

Brian D. Grosinger, State's Attorney, Rolla, ND, for respondent and appellee.

**Per Curiam.**

[¶1] Ronald Wootan appeals from an order denying his postconviction relief application entered after the district court held an evidentiary hearing on remand. *See Wootan v. State*, 2023 ND 151, ¶ 11, 994 N.W.2d 347 (remanding because genuine issue of material fact existed on claim asserting trial counsel provided ineffective assistance by stating sentences would run concurrently). The court on remand found Wootan's trial counsel's representation of him was reasonable and withdrawal of his guilty plea was not necessary to correct a manifest injustice. Wootan argues the court erred in denying his application, claiming he received ineffective assistance of counsel before entering his guilty plea.

[¶2] "When a defendant pleads guilty on the advice of counsel, the defendant may only attack the voluntary and intelligent character of the guilty plea." *Jung v. State*, 2024 ND 94, ¶ 11, 6 N.W.3d 853 (citation omitted). "The [district] court has discretion in finding whether a manifest injustice necessitating the withdrawal of a guilty plea exists, and we review the court's decision for abuse of discretion." *State v. Rangel*, 2024 ND 96, ¶ 6, 6 N.W.3d 860 (citation omitted). Findings of fact made in a postconviction relief proceeding are subject to the clearly erroneous standard of review. *Urrabazo v. State*, 2024 ND 67, ¶ 6, 5 N.W.3d 521. After a review of the record, we conclude the district court's findings of facts are not clearly erroneous, the court did not err in determining Wootan failed to establish ineffective assistance of counsel, and the court did not abuse its discretion by not allowing him to withdraw his guilty plea. We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr

1